### 1878. HAMILTON & PRITCHETT *v.* JENKINS *et al.*

The controlling question in this case was one as to which the evidence was conflicting; the charge of the judge was free from material error, and was sufficiently comprehensive (in the absence of written requests for more specific instructions) to give the jury an accurate idea of the issues and the law involved; and there is no reason for reversing the judgment refusing a new trial.

Complaint; from city court of Sylvester—Judge Williamson. March 27, 1909.

Argued June 24,—Decided December 10, 1910.

*Mark Tison, Perry & Tipton,* for plaintiffs.

*Claude Payton,* for defendants.

RUSSELL, J. Hamilton & Pritchett sued Pomp Jenkins and Mattie Jenkins on an account for groceries, clothing, and other articles which are clearly within the territory of necessaries. The defendants are husband and wife; and, according to their testimony, the husband went to the store of the plaintiffs and wanted to open an account for supplies for himself and his family. The defendants refused to open the account, unless he would get an agreement from his wife to stand security for him. She owned a small farm and worked on it with her children, and the husband worked at a turpentine still. The husband then went away and got his wife and returned to the store, and she agreed that if the plaintiffs would open an account with her husband for supplies needed by the family during the year, she would pay whatever amount he failed

to pay. It was understood that the husband would make payments on the account out of his wages, from time to time, and, if anything remained unpaid at the end of the year, the wife would pay it out of the crops which she and the children made on her farm. The plaintiffs denied this evidence, and said, that they refused to open an account with the husband; that they expressly told the wife, at 'the time, that they were looking to her for payment; and that she was an original promisor and so understood at the time. The jury brought in a verdict against the husband alone. The plaintiffs except to the overruling of their motion for a new trial, which, besides the general grounds, contains merely assignments of error upon the charge of the judge.

The judge charged the jury as follows: "The law in this State is that the wife is not bound when she goes security for her husband's debt; that she can not be made to pay her husband's debt; her husband being the head of the family, and being, under the law, responsible for all necessaries and supplies absolutely necessary that the family need. The issue in this case for you to decide is whether or not this account, these goods, and this account was made by her; whether she is the contracting party with Hamilton & Pritchett, or whether her husband is the contracting party, and she is the security for her husband's debt. This is the issue for you to pass upon and which controls this case." It is insisted that this charge excluded a contention made by the plaintiffs that both the husband and the wife were bound for the debt on the theory that they had made an original joint obligation to pay for the supplies. The pleadings in the case were very meagre, and if the plaintiffs desired a more detailed instruction upon their contentions, they should have submitted written requests to that effect. *Macon R. Co.* v. *Joyner,* 129 *Ga.* 683 (59 S. E. 902) ; *Millen R. Co.* v. *Allen,* 130 *Ga.* 658 (61 S. E. 541). The judge correctly stated the one controlling issue in the case. It is doubtful, in any event, whether the charge as given was not more favorable to the plaintiffs than it would have been if the additional contention had been stated to the jury as an issue; for the reason that, under the charge as given, if the jury believed that the wife was an original promisor, either jointly with the husband or in her individual capacity, they would have brought in a verdict against her.

The case turned on a pure and simple question of fact, as to

which there was evidence which would have authorized a finding either way; and the charge, in the absence of written requests, sufficiently stated to the jury the issues and the law governing the transaction; and we see no reason for reversing the judgment refusing a new trial. *Judgment affirmed.*