## 5256.  BROWN *v.* THE STATE.

A married woman whose husband is not shown to be unable to support her can not be convicted of vagrancy upon proof alone that she is able to work and does not work; and this is true though she and her husband may be living in a state of separation.

DECIDED NOVEMBER 25, 1913.

Accusation of vagrancy; from city court of Camilla—Judge Bush.  August 26, 1913.

*E. E. Cox, R. L. Cox, J. M. Mays Jr.,* for plaintiff in error.

*W. H. Haygood, solicitor,* contra.

POTTLE, J.  It is unfortunately true that some husbands do not comply with the legal and highly moral obligation imposed upon them to support their wives.  It is punishment enough for a woman to espouse a man unwilling to support her.  If he can and won't the law will compel him, and will excuse the woman for not doing that which the husband is bound to perform for her.  Certainly she is not to be classed as a vagrant merely because she relies upon compliance by her husband with the obligation imposed upon him by law.  Married women are often compelled to supplement the income which the ostensible head of the family can earn, but they do this from stern necessity, and not because the law compels them to do it.  Sometimes married women support worthless or helpless husbands, but to hold that they are legally bound to do so would put an unwarrantable burden upon the holy estate of matrimony and make undesirable for the woman a relation into which the law encourages her to enter.  In the present state of the law the burden of supporting the family falls upon the husband; in return for which the law crowns him with the proud but sometimes meaningless title of "head of the family."  If he would wear the crown he must bear the burden.  Some day all this may be changed, but we are dealing with present-day law, and "sufficient unto the day is the evil thereof."

The undisputed evidence shows that the accused was a married woman, and that she lived with her husband about half the time.  The evidence is silent in reference to the husband's ability to work or as to whether he actually contributed to his wife's support.  At any rate this is not the proper proceeding in which to determine the respective obligations of husband and wife, or to fix the blame for the separation.  It is enough that the woman is married and the

husband is in duty bound to support her.  He represents the "visible means of support" to which the statute refers.

*Judgment reversed.*