## 22551. CHILDS *v.* CHARLES.

DECIDED MARCH 24, 1933.

*J. J. Bull & Son,* for plaintiff in error.
*Felton & Felton,* contra.

GUERRY, J. J. O. Charles, as transferee of E. T. Black in an instrument which was a retention-of-title contract as to three mules and a mortgage as to two mules, foreclosed said instrument in the

city court of Oglethorpe. The affidavit of foreclosure, which was made by plaintiff's attorney, alleged that plaintiff was the owner and holder of the annexed retention-of-title contract and mortgage, and the original instrument was attached to the affidavit of foreclosure. The sheriff levied on one mule to which title was retained and on two mules which were mortgaged in said instrument. J. J. Childs, the maker of the instrument and defendant in execution, filed his affidavit of illegality to the execution, and also set up a recoupment. The issues were tried by a jury and a verdict rendered in favor of the plaintiff, transferee, and against the defendant. A motion for a new trial was overruled, and on this judgment the defendant assigns error.

■ Under the authority cited in the first headnote and numerous other decisions, and the qualifications made by the trial judge to his approval of the first six special grounds of the motion for a new trial, this court is precluded from considering these grounds of the motion.

■ The 7th special ground of the motion for a new trial alleges that the court erred in charging the jury "that if it appears to your satisfaction that Charles owes any money on account of this plea of recoupment set up in the case, that he owes it to the estate of Mrs. Childs and not to J. J. Childs, I charge you that if you find that J. O. Charles owes money by reason of this claim made by defendant, that he owes it to the estate of Annie E. Childs and not to J. J. Childs, that you would not be authorized to find a verdict in favor of the defendant in this case." The language employed in this excerpt from the charge, even in the light of other portions of the charge, was confusing and misleading. The issue was whether Charles owed Childs, and not whether Charles owed Mrs. Childs or her estate. Mrs. Child's ownership of the property was injected into the evidence, but no witness on either side testified that Charles owed Mrs. Childs anything. Charles testified that he boarded with Mrs. Childs, but that he paid her $5 every Saturday night and paid her all that was due, and that he never had any contract with J. J. Childs. Childs testified: "I made a trade with Charles to board him at $20 per month. He has not paid me. I rented him about 45 acres of land. . . He boarded with me. He made the contract with me. I was supplying my family." The fact that Mrs. Childs owned the place did not relieve Mr. Childs of

the responsibility of supporting his family; and the fact that the money with which Mr. Childs bought provisions was given to him by Mrs. Childs or anyone else did not nullify or vitiate his alleged contract with Charles for board. The courts of this State, though occasionally indulging in frivolity at the expense of the husband, have tenaciously and consistently adhered to the principle that the husband is the head of the family, responsible for the necessities of his family, and qualified to contract as such head of the family. In *Broome* v. *Davis,* 87 *Ga.* 584 (13 S. E. 749), Chief Justice Bleckley said: "In this State, notwithstanding his reduced importance as a domestic factor, the husband is still the head of his family, and though his wife may reside with him, she does not thereby divest his possession of the homestead and make the possession her own. . . So long as a man clings to his home in person, he has a right to be treated by strangers as the head of the family." And in *Brown* v. *State,* 14 *Ga. App.* 25 (79 S. E. 1133), Judge Pottle, speaking for the court, said: "In the present state of the law, the burden of supporting the family falls upon the husband; in return for which the law crowns him with the proud but sometimes meaningless title of 'head of the family.' If he would wear the crown, he must bear the burden."

Regardless of who owns the property occupied by husband and wife as a home, he is in law the head of the family, responsible for the necessities of the family, and authorized to contract to board another in such home; and though the property may belong to his wife, he may, under certain circumstances, make contracts in his individual right and capacity for others to work the property. This being true, and there being no evidence that the plaintiff Charles owed the wife of defendant Childs anything, the court erred in charging the jury in reference to what Charles owed Mrs. Childs, as set out in the second headnote. Because of such error the court erred in overruling the motion for a new trial.

*Judgment reversed.* *Broyles, C. J., and MacIntyre, J., concur.*