22781. FORRESTER v. THE STATE.

DECIDED MARCH 24, 1933.

*Herbert R. Edmondson,* for plaintiff in error.

*G. Fred Kelley, solicitor, E. C. Brannon,* contra.

GUERRY, J. The two counts of the accusation charged the defendant with committing the offense of vagrancy by two different methods; the first charging in part that the defendant "led an idle, immoral, and profligate life," and the second charging in part that the defendant had "no visible or known means of a fair, honest, and reputable livelihood." The trial resulted in a verdict of guilty. The defendant made a motion for a new trial, which was overruled; and on this judgment the defendant assigns error.

In addition to proving the defendant guilty of basely immoral conduct, the State proved that a witness, who had known her for three or four years, had seen her walking the streets at all hours during the day and night, and had never seen her work, and that she had no property that he knew of. The defendant did not controvert or deny the evidence adduced against her, either by evidence or by making a statement.

Counsel for the plaintiff in error insists that even though the evidence showed that the defendant had not lived with her husband for four years, since there was no divorce he represented the "visible means of support" referred to in the second count of the accusation. The citation relied on for this contention is *Brown* v. *State,* 14 *Ga. App.* 25 (79 S. E. 1133). The uncontradicted evidence in the *Brown* case showed that the defendant had been away from her

husband only four weeks, that she had money when she left him, that she went to her mother's house and lived with her mother, and that she was steadily employed and earned her living while there; and there was no evidence of any immoral conduct. In the instant case the evidence shows that the defendant had not lived with her husband for four years, that she gave trouble in the community, that she walked the streets at all hours of day and night, that she frequented reputed lewd houses and associated with persons of questionable character, that she had never been seen at work, and that she had no property or income so far as the witness knew. There was also evidence of the grossest immoral acts. Under the particular facts disclosed by the record we think that there was ample evidence to authorize the jury to find that the presumption that the husband was the "visible means of support" was overcome.

"If by the indictment the defendant is prosecuted for only one offense, though it contain a number of counts in which the method of the commission of this offense is variously stated, a general verdict of guilty will be upheld against the contention that it is contrary to the evidence, if any one of the counts is supported by proof." *Tooke* v. *State,* 4 *Ga. App.* 495 (3-b) (61 S. E. 917); *Welborn* v. *State,* 119 *Ga.* 429 (46 S. E. 645); *Black* v. *State,* 34 *Ga. App.* 449 (130 S. E. 591). In *Simmons* v. *State,* 162 *Ga.* 316 (134 S. E. 54), it was said: "A general verdict of guilty will be sustained where a misdemeanor (though but one offense) is charged, and the indictment contains more than one count, all charging the same offense, though the manner of its commission may be charged in various and diverse ways adjusting it to the testimony as it may be developed in the trial. In such a case the verdict of guilty is good, because at last only one offense is charged, though the crime may be charged to have been committed in several different ways and under various circumstances, all relating to the same transaction." This rule applies with especial force to vagrancy as charged in the present case.

The court did not err in overruling the motion for a new trial, which was based on the general grounds only.

*Judgment affirmed. Broyles, C. J., concurs. MacIntyre, J., dissents.*

MacIntyre, J., dissenting. The brief of evidence in this case is as follows: "Lee Land testified for the State the following: 'I

have known the defendant for three or four years, and she has given us considerable trouble. I have seen her walking the streets at all hours during the night. I have also seen her at houses which have the reputation of being lewd houses. I have also seen her with people of questionable character. She has no property or income that I know of. I have never seen her at work; she looks to be able to work.'" "Mrs. Victor Brown testified for the State the following: 'I have known her for about two years. She worked for me and my husband when I was sick in bed. She worked for about six weeks, and then I ran her off. She made a good hand and did good work, but she and my husband would get in the bed and sleep together, and would lie there and have intercourse before me. I couldn't do anything about it, because I was sick in bed. She had two or three miscarriages while she was there.'"

"Mr. Quiller Forrester testified for the State the following: 'She and my son have been married about ten years. I am her father-in-law. They have not lived together for four years. Yes, he is still living and has not obtained a divorce from her; and neither has she so far as I know.'"

Judge Pottle, speaking for this court in *Brown* v. *State*, 14 *Ga. App.* 25 (supra), said: "The evidence is silent in reference to the husband's ability to work or as to whether he actually contributed to his wife's support." The headnote of the *Brown* case is as follows: "A married woman whose husband is not shown to be unable to support her can not be convicted of vagrancy upon proof alone that she is able to work; and this is true though she and her husband may be living in a state of separation."

In the case at bar it seems to the writer that the State has failed to carry the burden of proving that the defendant was idle and did not work, and was able to work and had no property to support her. Lee Land testified that for three or four years he had known the defendant and that he had never seen her at work. To illustrate the uncertainty of such negative testimony, the very next witness testified that the defendant worked for her about six weeks, and made a good hand and did good work. While there was testimony as to immoral conduct in the part of the defendant, proof of immoral conduct alone will not authorize a conviction of vagrancy. Adultery is made penal by a statute of this State, and the defendant was not being tried under such statute. *Hartman* v. *State,* 119 *Ga.*

427, 429 (46 S. E. 628). In *Welborn* v. *State,* 119 *Ga.* 429 (supra), the same judge who wrote the opinion in the *Hartman* case said that the testimony as to the guilt of the defendant was positive; and the conviction was affirmed. In the instant case the testimony was negative and uncertain as to all the three elements of the offense charged, except as to immoral conduct, and the writer does not think that the evidence was sufficient to support the verdict.