### 23498. HARRIS v. BERRY.

JENKINS, P. J. 1. The liability of a husband to maintain his wife during life and to provide her with necessities suitable to her condition and habits of life (Civil Code, 1910, § 2996) applies with equal force to her funeral expenses. *Kenyon* v. *Brightwell*, 120 *Ga.* 606 (3), 609-613 (48 S. E. 124, 1 Ann. Cas. 169); 30 C. J. 606, 607.

2. While the evidence was in conflict as to whether or not the deceased wife had voluntarily abandoned the husband without sufficient provocation prior to her death, in the absence of any notice by the husband disclaiming liability for necessaries furnished to her he would in either case remain liable, under the preceding rule, for her reasonable funeral expenses. Civil Code (1910), § 2997.

3. It being the duty of the husband to bury his deceased wife in a manner suitable to their station in life, and to defray the reasonable expenses of her funeral, it is his right and privilege to direct the manner of such burial and to determine its place and attendant details. *Kenyon* v. *Brightwell*, supra. Where any other person, in a necessary emergency, without consulting the husband, assumes for him to provide for the burial of the wife in a manner suitable to her condition and station, the husband would be liable for the reasonable expense involved, under his general, primary obligation to pay for the necessities due to his wife.

4. If, however, any such person arranging for the burial and funeral of the wife contracts for such expenses upon his or her own individual credit, the husband is not liable, unless he subsequently assumes in writing the payment of such obligation.

5. The petition of the plaintiff undertaker in this case, seeking to recover from the husband upon an account for the casket, embalming, and other funeral expenses for the wife, which merely alleged the particular items and that the charges were reasonable, and also that the defendant authorized and promised to pay for such services, was good as against general demurrer. The special demurrers, seeking to require additional averments as to whom the husband authorized and promised to pay the charges, and as to whether such authority and promise were in writing or parol, are without merit.

6. While the evidence of the plaintiff undertaker and the wife's mother as his witness and the evidence of the defendant husband sharply conflicted as to whether or not the husband expressly approved the items of the wife's funeral expenses, as first arranged by the mother during the absence and unknown whereabouts of the husband, and whether, while the body was in the undertaking establishment prior to being transported to another city for interment, he assumed responsibility, approved the charges, and directed the consummation of the arrangements, in which he participated by riding in the plaintiff's automobile with the hearse to the city of interment, or whether, as testified by him, he merely orally agreed to assist his mother-in-law in paying the bill, which, as he contended, she had previously contracted on her own credit, the verdict for the plaintiff on these issues was authorized by the evidence of the plaintiff and his witness, the mother, the latter further testifying that, although she had selected the casket and made the funeral arrangements, no mention was made to or by her as to the prices to be charged, and that no agreement was entered into by her to pay for the same.

7. The plaintiff's evidence was not subject to the motion to exclude upon the ground that it necessarily showed only a parol promise by the defendant to pay the indebtedness already contracted by the mother. Moreover, even if the part of the plaintiff's evidence relating to the defendant's approval and promise to pay had been subject to the motion, the motion would not lie to exclude the plaintiff's entire testimony, which included testimony as to the reasonableness of the charges.

8. Section 2997 of the Civil Code provides in part that if the wife "voluntarily abandons [the husband] without sufficient provocation, notice by the husband shall relieve him of all liability for necessaries furnished to her." In *Mitchell* v. *Treanor*, 11 *Ga*. 324 (56 Am. D. 421), the Supreme Court held that "Cohabitation is presumptive evidence of the wife's authority to contract; and it is for the husband to rebut the presumption by showing that the goods were supplied under such circumstances that he is not bound to pay for them. But where the husband and wife are living apart, the onus lies the other way; and it is for the tradesman to show that the separation has taken place under such circumstances as will render the husband liable." In the instant case the court charged the jury as follows: "Now if you reach the conclusion that they were

living in a state of separation, I charge you that the defendant would still be liable for her funeral expenses, unless she had abandoned him without cause, and as to that I charge you that the burden would be on the husband in this case to establish that fact." No exception is taken to this charge, but exception is taken to the failure to give the following requested instruction: "Where a husband and wife are living apart, the burden is on the tradesman or party furnishing the goods to show that the separation has taken place under such circumstances as will render the husband liable." The language merely to the effect that the burden is on the party furnishing the goods to show that the separation has taken place "under such circumstances as will render the husband liable," without in any way enlightening the jury as to what "such circumstances" would be, under the language of the Code section just quoted, could hardly be taken as affording assistance to the jury, but on the contrary would seem likely to be confusing, and therefore the failure to give the requested instruction is not sufficient ground to set aside the verdict and judgment; especially in view of the fact that, although the evidence might be taken as indicating that the wife had voluntarily abandoned the husband without sufficient provocation, he in no wise contended that he had given notice that he would not be liable for necessaries furnished to her.

9. Under the record as presented in this case, there being no issue as to the reasonableness of the account, and no evidence tending to show that the husband had given any notice seeking to relieve himself from liability for necessaries furnished to his wife, the husband, under the circumstances attending the furnishing of the items, would be liable therefor under his general liability for the funeral expenses of his wife, unless under the facts and circumstances the jury should find that the wife's mother, who ordered the items, had contracted the obligation on her own individual credit. Had she thus contracted, the husband, under the statute of frauds, would not be liable merely under an oral promise to assume the debt or default of another. Accordingly, the defendant was entitled to an instruction to the jury as requested in writing to the effect that before the jury would be authorized to consider the disputed testimony relative to the oral promise of the defendant husband to pay the bill, they would have to first determine that the mother-in-law contracted it not in her own behalf and on her own individual credit, but did so acting for and as the agent of the husband, so that such oral promise, if made, would amount to merely a ratification of her acts and conduct done on his behalf. It was error to refuse to give such an instruction, which was not covered elsewhere in the charge.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED APRIL 19, 1934. REHEARING DENIED JUNE 18, 1934.

*Hall & Bloch, E. F. Goodrum,* for plaintiff in error.
*Feagin & Feagin,* contra.

#### ON MOTION FOR REHEARING.

JENKINS, P. J. The judgment in this case was reversed for the

reasons set forth in the 9th division of the syllabus, which held that the defendant was entitled to an instruction to the jury as requested in writing that, before the jury would be authorized to consider the disputed testimony relative to the alleged oral promise of the defendant husband to pay the bill, they would have first to determine that the mother-in-law contracted it not in her own behalf and on her own individual credit, but did so acting for and as the agent of the husband, so that such oral promise, if made, would amount to merely a ratification of her acts and conduct done in his behalf. The basis of the ruling rests upon the principle that under the statute of frauds the husband would not be liable under a mere oral promise to assume the debt or default of another. In a motion for rehearing by the defendant in error it is contended that this principle of law was in effect given in charge in the following language: "On the other hand, I charge you that, if her funeral expenses were contracted to be paid between the plaintiff and a third person, and independent of any responsibility that might arise upon the husband, either express or implied, that in that event the plaintiff would not be entitled to recover in this case against the husband." Movant also contends that the principle of the statute of frauds is not involved in this case, for the reason that there is no evidence indicating that the debt was anybody else's than that of the husband, and that he was bound to pay it, whether he promised to do so or not; that his promise to pay it did not increase his responsibility or add to his already existing liability. We do not think that the evidence is at all conclusive that the mother-in-law, in contracting for the funeral expenses, purported to act as agent for the husband. Neither the plaintiff undertaker nor his witness, the mother-in-law, in their testimony swore that she in fact purported to be acting for and on behalf of the husband. It is undisputed that the bill was actually contracted for by the mother-in-law, and her testimony went no further than to show that no mention was made by her as to the prices to be charged, and no agreement was entered into by her to pay for the same. The undisputed fact that the husband and wife were living separate and apart; the evidence, authorizing a finding that she had voluntarily abandoned him without sufficient provocation prior to her death, and was then living in another city; and the further testimony by the husband that, when he heard of his wife's death and went to the undertak-

ing establishment, "they at first didn't want me to see her, finally let me in to see her, I had a pretty hard time in trying to see her," all raised an issue as to the capacity in which the mother-in-law may have acted when she contracted the debt. It was undisputed that the husband signed no writing by which he agreed to assume the indebtedness. The evidence was in sharp dispute as to whether he orally agreed to pay the funeral expenses. While it is true that the judge in his charge told the jury that, if the debt was contracted as an independent obligation by a third person, the plaintiff could not recover against the husband, the defendant sought to have him explain to the jury that this would be true even though the husband may have orally sought to assume the mother-in-law's obligation, and that the only way her obligation could be assumed, if it was her obligation, was for him to have so bound himself in writing. Accordingly, while the language of the charge is broad, it does not cover the principles of the statute of frauds, which were involved under the evidence stated, making one of the three sharp issues of fact in the case. This principle of law being applicable, and a timely written request having been made that it be given in charge, the defendant was entitled to have the jury clearly understand that, not only would the husband not be liable if the debt had been contracted for by the mother-in-law in her own behalf, but that such would be the case even though they might believe that he subsequently orally promised to assume the payment thereof.

Rehearing denied. Stephens and Sutton, JJ., concur.