## 25545. WRIGHT *v.* UNIVERSAL GARAGE COMPANY.

SUTTON, J. 1. The husband is bound to support and maintain his wife, and his consent to her agency is presumed in all purchases of necessaries suitable to her condition and habits of life, made for the use of herself and the family. Code, § 53-510. This section is based on the theory of the law that a husband is the head of the family and is bound to support and maintain his wife and children. The husband is responsible for all supplies which are necessary for the family, and suitable to their condition in life; and it will be presumed that the wife acts as her husband's agent in contracting such debts, unless it affirmatively appears that she was to be personally liable therefor. *Hamilton* v. *Jenkins,* 7 *Ga. App.* 136 (66 S. E. 397); *Wrightsville & Tennille R. Co.* v. *Vaughan,* 9 *Ga. App.* 371, 378 (71 S. E. 691); *Childs* v. *Charles,* 46 *Ga. App.* 648 (168 S. E. 914). The undisputed evidence of the president and general manager of the Universal Garage was "that he was dealing with Mrs. Max Wright personally in regard to repairs and fuel to her car, but that there was no expressed agreement between himself and Mrs. Wright as to who would pay the bill." It follows that in a suit brought by a garage company against the husband, for charges made by the garage for work done and gasoline furnished for an automobile owned by the defendant's wife, purchased with her own money, which automobile the husband himself testified his wife used "for conducting her social activities," and that it "was necessary for her to have the use of an automobile for them to maintain their standard of living," the evidence authorized a judgment finding that the defendant was liable for this account as necessaries for his wife.

2. The fact that the plaintiff charged the repairs on its books in the name of the wife, there being no express agreement that she was liable therefor, and the same being charged in her name because she was the person who had the work done and it was her automobile, would not render her liable.

3. The judge of the municipal court of Atlanta, who without a jury rendered judgment in plaintiff's favor, did not err in overruling the defendant's motion for new trial; and the appellate division of that court did not err in affirming that judgment.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED SEPTEMBER 29, 1936.

*Harvey Hill, Colquitt, MacDougald, Troutman & Arkwright, Harllee Branch Jr.,* for plaintiff in error.

*D. A. Pirkle Jr., Burress & Dillard,* contra.