27273.   COOPER *v.* COOPER *et al.*, executors.

DECIDED MARCH 15, 1939.   ADHERED TO ON REHEARING, MARCH 30, 1939.

*S. W. Fariss,* for plaintiff.
*G. W. Langford, Rosser & Shaw,* for defendants.

STEPHENS, P. J.   1. "Ordinarily, when one renders services or transfers property valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof; but this presumption does not usually arise in cases between very near relatives." Code, § 3-107. Where a person renders valuable services to another, which the latter accepts, a contract to pay therefor is implied in law, unless from the facts and circumstances, including the nature of the services, the relationship between the parties, including kinship, it appears that the services were rendered out of consideration of love and affection, or were otherwise rendered gratuitously. Where, however, services in the nature of nursing, waiting upon and ministering to the wants and necessities of an infirm, diseased, and aged parent, are rendered by the son, there is a presumption that the services are rendered in filial duty and affection, and not because of expected compensation in money or

property, in the absence of any express agreement between the parties for compensation, or of any facts or circumstances indicating that it was intended and contemplated by both the parent and the son that payment should be made. *Hudson* v. *Hudson*, 90 *Ga.* 581 (16 S. E. 349); *Jackson* v. *Buice*, 132 *Ga.* 51 (63 S. E. 823); *Murrell* v. *Studstill*, 104 *Ga.* 604 (30 S. E. 750).

2. Where a husband and wife are living together the husband is entitled to the services of the wife, and any valuable services which she may render to another are rendered by the husband, by and through the instrumentality of the wife as his agent. Code, §§ 4-101, 53-501; *Childs* v. *Charles*, 46 *Ga. App.* 648 (168 S. E. 914). Where an aged father comes to live in the home of his son, where the house belongs to the father, and while living there the father becomes ill and is cared for by the son's wife during his sickness, and his wants are ministered to by her, and the son and his wife are living together, the services thus rendered to the father are rendered by the son, through the agency of his wife. If, during the performance of the services by the wife to her husband's father, the husband agrees with his wife that she shall perform the services and be herself entitled to compensation therefor from the father, such agreement with the wife is in the nature only of an assignment by the husband to the wife of the husband's right, title, and interest in any chose in action which he may have against the father to recover for the services rendered, which are rendered by the husband through the agency and instrumentality of the wife. Such an agreement, even if it confers on the wife the right to her earnings under the alleged contract, creates no contract where none existed, and confers upon her no right which the husband did not possess to recover of the father's estate.

3. On the trial of a suit by the wife against the executors of the father's will to recover for services performed by the wife in nursing and caring for the deceased before his death, where it appeared from the evidence without dispute or contradiction that the father who was an aged man had come to live in the home of his son, which was the father's property, and while there became ill, and that the plaintiff, the son's wife, living there with the husband, cared for and nursed the father during his sickness and ministered to his wants, and, other than the fact that the father came to live at the son's house and while there became sick and

was cared for by the son's wife as indicated, there was no evidence whatsoever, either in the evidence adduced on the trial or in that which was offered by the plaintiff and rejected by the court (unless it was the evidence which was properly rejected as indicated in paragraph 4 below), tending to establish any express contract or agreement by the deceased father to pay for the services rendered, and there were no facts or circumstances whatsoever which would authorize an inference that it was contemplated between the deceased father and either the plaintiff or her husband that the services rendered were to be paid for, the evidence was insufficient to authorize a finding for the plaintiff, and the court, at the close of the plaintiff's evidence and before the introduction of evidence by the defendant, properly awarded a nonsuit.

4. Under the provisions of the Code, § 38-1603, the plaintiff was incompetent as a witness to testify to any statement made by the deceased that she "would have to get pay for her services the best way she could after his death." The court properly rejected her testimony to this effect.

*Judgment affirmed. Sutton and Felton, JJ., concur.*