## 35260. H. M. PATTERSON & SON v. PAYNE.

Decided September 27, 1954.

*Charles W. Smith, Sr.,* for plaintiff in error.

*Johnson & Johnson,* contra.

Felton, C. J. ■ Where a wife dies while living separate and apart from her husband, there is no prima facie presumption or inference that the husband is legally liable for the funeral expenses of the wife, since it is the fact of their living together which is the basis for such a presumption; and where a funeral home under such circumstances furnishes funeral articles and services on the order of a niece and sister of the deceased, the burden of proof is upon the funeral home, in an action on open account against the husband, to show that the articles and services were furnished under circumstances making the husband liable therefor. *Mitchell* v. *Treanor,* 11 *Ga.* 324 (56 Am. D. 421); *Harris* v. *Berry,* 49 *Ga. App.* 235 (174 S. E. 813). In this case the plaintiff funeral home failed to prove that the husband had not given the notice required by Code § 53-508, necessary to absolve the husband from such liability.

■ The funeral arrangements were made by a sister of the deceased, which included the burial of the deceased at Westview Cemetery in Atlanta. The defendant husband lived in Gainesville, Georgia. The arrangements made by the sister of the deceased were to be carried out as made by her without any consultation with the husband, but when the funeral home learned that the deceased and her husband were living apart and had not been divorced, the funeral home had a niece of the deceased to telephone the husband at Gainesville asking him to come to Atlanta, which he did. Representatives of the funeral

home explained the arrangements to the defendant husband and asked his consent thereto, stating to him that the funeral could not be held as arranged unless he consented. The defendant signed the following: "February 8, 1953. I hereby certify that I am familiar with the funeral arrangements made for my deceased wife, Mrs. Blannie Payne, and I give my consent for them to be carried out as planned by her sister, Mrs. Anne Jammerson. (Signed) Claude E. Payne. Witness: B. B. Lesesne." In the absence of any evidence whatever to show that the "funeral arrangements" meant that the husband was to be held responsible for the expenses of the funeral and that it was so understood by both parties, the consent to the funeral arrangements did not obligate the husband to pay the funeral expenses.

■ At the conclusion of the evidence the court inquired of the plaintiff's attorney whether he was proceeding on an express contract or implied contract, and the attorney replied that he was relying on an express contract. The exception to the court's action is that the court erred in requiring the plaintiff to elect on what kind of contract it was relying. Assuming for the sake of argument that the plaintiff was required to make an election, the action by the court was not harmful. The action took place after the introduction of the evidence of both sides was completed, and there was no prejudice or harm in preventing the plaintiff from making out a case, and since no case was made out on either kind of contract, a verdict was demanded for the defendant.

■ Assuming that other evidence was illegally admitted, since the verdict for the defendant was demanded, the court did not err in denying the plaintiff's motion for a new trial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*