### 44524.   WAXELBAUM v. CITIZENS & SOUTHERN NATIONAL BANK et al.

BELL, Presiding Judge.   In 1960 the Citizens & Southern National Bank issued a C & S charge account credit card to Mrs. Erleen Waxelbaum.   Mrs. Waxelbaum and her husband separated in 1967 and obtained a divorce in 1969.   The bank brought this suit against her to recover for charges made on the account during the period of separation.   She then filed a third-party complaint against her former husband, contending that she was entitled to reimbursement from him of any sum recovered by the bank because the charges were for necessaries.   Mrs. Waxelbaum took this appeal from the trial court's judgment in favor of her former husband on the third-party complaint.

1. It appeared that the original credit application and an additional application to raise the credit limit of the account were made in the name of the wife and the account was opened in her name.   The applications and the invoices signed by Mrs. Waxelbaum for each of the credit transactions contained statements in writing by which the signer agreed to pay the charges made on the account.   A wife may bind herself by express contract to pay for necessaries.   *Morrison v. Evans,*

31 Ga. App. 256 (120 SE 430); *Hicks v. Wadsworth,* 57 Ga. App. 529, 534 (196 SE 251). Thus the bank's judgment against Mrs. Waxelbaum was demanded by the evidence.

2. We recognize a wife's right to reimbursement from her husband for necessaries for which she has contracted in her individual capacity. See 41 CJS 514, Husband and Wife, § 50 (d). However, where the husband and wife are living apart when the necessaries are purchased, the person seeking to impose liability upon the husband has the burden of proving that the separation has taken place under such circumstances as will render the husband liable. See *Code* § 53-508; *Mitchell v. Treanor,* 11 Ga. 324, 326; *Harris v. Berry,* 49 Ga. App. 235 (8) (174 SE 813); *H. M. Patterson & Son v. Payne,* 90 Ga. App. 699 (83 SE2d 841). That burden rested upon Mrs. Waxelbaum in this case. As there was no evidence showing the circumstances under which the separation took place, the judgment in favor of her former husband was demanded.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

ARGUED MAY 29, 1969—DECIDED SEPTEMBER 2, 1969—
REHEARING DENIED SEPTEMBER 18, 1969.

*Robert Carpenter, LeRoy C. Hobbs,* for appellant.

*John L. Westmoreland, Sr., Albert E. Mayer, E. Wilber Warner, Jr., Elizabeth Baker,* for appellees.