## 28702. McDONALD et al. v. McDONALD.

HALL, Justice.

This is an appeal from the grant of an injunction below and from an order overruling defendants' motion to dismiss. The procedural background will best appear from the following summary of the facts.

Harold P. McDonald and Callie P. McDonald, defendants below, are the parents of Larry McDonald, who was formerly married to plaintiff, Anna T. McDonald. For clarity, the defendants will be termed Dr. and Mrs. McDonald, plaintiff will be referred to as "Anna," and her former husband as "Larry."

In 1963, Dr. and Mrs. McDonald lent to Anna and Larry, then married to each other, $11,000, taking a note signed by both Anna and Larry. With the money they purchased a house taking title in both names.

Anna and Larry were subsequently divorced in 1971, and the jury in the divorce case found that the note should be paid in full by Larry, and the judgment entered in the divorce action so ordered.

In 1973, as holder of the note and one in possession thereof, Dr. McDonald filed suit on the note against both Larry and Anna. Bringing the instant suit, Anna prayed for a restraining order prohibiting the McDonalds from seeking payment on the note from her. The McDonalds' motion to dismiss her complaint was overruled, and the court below after a hearing granted the interlocutory injunction from which the McDonalds now appeal.

1. The fourth enumeration of error contends that the court below erred in ruling that the note could be enforced only by the joint action of both McDonalds as joint payees, and not by Dr. McDonald alone as one who had possession. This enumeration is meritorious, Code Ann. § 109A-3—116 (a), and the court below erred in the ruling complained of.

2. Enumerated errors 2, 5 and 6 raise the central issue of whether the court below ruled properly that the judgment in the divorce action was effective to cancel Anna's liability on the note even though the McDonalds,

to whom her liability on the note ran, were not parties to the divorce action. It is the McDonalds' position that such a result violates due process by depriving them of their property by an adjudication in an action to which they were neither parties nor privies. Anna's position is that under Code § 55-101 equity may restrain acts "contrary to equity and good conscience," and that Dr. McDonald's suit on the note is such an act because it is designed to contravene the prior judgment in the divorce action and to harass Anna and destroy her financially. As indicia of the McDonalds' intent to harass her, she points to the fact that Larry is in default in the suit on the note and the McDonalds are making no move to collect from him although Dr. McDonald pays Larry's salary as an employee and could collect from those funds. She asserts a "fraudulent combination to oppress the complainant" which was held in *Rogers v. Atkinson,* 1 Ga. 12, to justify an injunction, and asks in oral argument that this court remove all issues to the superior court to resolve the questions of equity, harassment and fraudulent oppression.

Although she concedes that equity will not grant relief where the law affords plaintiff an adequate remedy, Code § 37-103, Anna contends that she has no adequate remedy because, she alleges, Larry made himself judgment-proof before his father sued on the note. However, the final judgment in the divorce action ordered Larry to pay the note when due and to the extent to which he defaults on the obligation Anna may seek her remedy in contempt against him. *Shepherd v. Shepherd,* 223 Ga. 609 (157 SE2d 268).[1]

The relief Anna seeks in equity alleging that her relief at law is inadequate, is a judgment to the effect that

---

[1]"The nonpayment of alimony may be punished by contempt regardless of whether the final order of the court commands its payment, but the other provisions of the settlement agreement can not be enforced by contempt where neither the agreement nor the final decree commands the performance of such provisions." 223 Ga. 611.

the divorce decree settling responsibility for paying the note between Anna and Larry is also binding upon and conclusive of the rights of others, namely, the note-holder. This result is in conflict with established law. "A decree in a matrimonial suit fixing the status of the parties, in distinction from the specific findings therein, is to be regarded as a judgment quasi in rem. So far as the adjudication fixes the status of the parties, the judgment concludes both parties and strangers; but beyond the adjudication of the status, the decree does not conclude strangers." *Luke v. Hill,* 137 Ga. 159, 161 (73 SE 345, 38 LRA (NS) 559). See also 24 AmJur2d 631, Divorce & Separation, § 504 (1966). Moreover, "It is said to be well settled that a court of equity, in the absence of fraud, accident, or mistake, cannot change or abrogate the terms of a contract." 27 AmJur2d 594, Equity, § 71 (1966).

The type of equitable relief requested by Anna is not sanctioned by prevailing law. Also, no reason is shown why a legal remedy in contempt against Larry is any more inadequate in Anna's case than in the case of any other former wife who seeks thereby to enforce the payment by her husband of his obligations incurred in the divorce proceedings. Without deciding whether harassment of the type Anna asserts she is subjected to would call for the relief she seeks, we note that in any event the surrounding circumstances here do not add up to harassment, oppression and abuse.

The court below erred in granting an interlocutory injunction restraining and enjoining the McDonalds from proceeding with the suit of Harold McDonald in the State Court of Cobb County against Anna McDonald.

Because the foregoing errors require reversal, it is unnecessary to consider the remaining enumerations of error.

*Judgment reversed. Grice, C. J., Nichols, P. J., Undercofler, Gunter and Jordan, JJ., and Judge Claude D. Shaw, concur. Ingram, J., disqualified.*

Argued April 8, 1974 — Decided May 1, 1974.

*George G. Finch,* for appellants.

*Reed & Friedewald, Raymond Reed,* for appellee.