## 55415. CITIZENS & SOUTHERN NATIONAL BANK v. PARKER.

BIRDSONG, Judge.

The C&S National Bank (bank) brought suit against Peggy S. Parker, alleging an account indebtedness. Although Ms. Parker admitted the amount owing, the bank's motion for summary judgment was denied. Following the grant of the bank's petition for inter-

locutory appeal, this appeal was brought. *Held:*

1. The uncontroverted facts show that Ms. Parker applied for charge account service with the bank, in her own name, and stated, on the application form, that she was separated. Nevertheless, in defending against suit brought by the bank, Ms. Parker contends that the account indebtedness involved family "necessaries" for which her former husband is liable, both by law and pursuant to the terms of a divorce decree subsequently obtained.

2. The liability of the husband to pay for "necessaries" is well settled, Code Ann. § 53-510; *Wright v. Universal Garage Co.,* 54 Ga. App. 323 (2) (187 SE 718), and this liability remains even when the spouses are separated. Code Ann. § 53-508. This rule, however, is delimited by the right of the wife to contract in her own name, Code Ann. § 53-505; and the right of the wife to "bind herself personally for necessaries for which the husband would otherwise be liable. [Cits.]" *Nabors v. Blanche Reeves Interiors,* 139 Ga. App. 638, 639 (229 SE2d 117). To inhibit a woman's ability to contract in her own name by prohibiting creditors from recovering against her would relegate women to a lower legal status than that from which she has evolved, " 'first a beast of burden, then a domestic animal, then a slave, then a servant, then a minor.' " *Third Nat. Bank v. Poe,* 5 Ga. App. 113, 117 (62 SE 826).

3. The divorce decree between appellee and her former husband "fixes the status of the parties . . . but beyond the adjudication of the status, the decree does not conclude strangers. [Cit.]" *McDonald v. McDonald,* 232 Ga. 190, 192 (205 SE2d 850). Thus, the decree does not diminish Ms. Parker's liability to the bank, and, although she may be entitled to reimbursement from her erstwhile husband, she remains nonetheless liable to the creditor for debts incurred in her individual capacity. *Waxelbaum v. C. & S. Nat. Bank,* 120 Ga. App. 312 (1) (170 SE2d 333); *Wright v. Universal Garage Co.,* supra; *Alexander v. Duffee-Freeman Furniture Co.,* 52 Ga. App. 244 (183 SE 86).

4. The bank "established a prima facie case for [itself] by proving the fact of the account and the amount

owing." *Andrews v. Adams Drive Ltd.,* 142 Ga. App. 32, 33 (234 SE2d 835). Accordingly, the trial court erred in denying appellant's motion for summary judgment. Therefore, the judgment of the trial court is reversed with direction that summary judgment be entered for the appellant.

*Judgment reversed with direction. Bell, C. J., and Shulman, J., concur.*

SUBMITTED FEBRUARY 27, 1978 — DECIDED APRIL 28, 1978.

*Schultz & Roberts, Mark Jay Schultz, Peter R. Roberts,* for appellant.
*McCord, Cooper & Voyles, Robert B. McCord, Jr.,* for appellee.