A03A0263. LEVINE v. TELEVISION CABLECASTING, INC.
(581 SE2d 734)

PHIPPS, Judge.

Attorney David N. Levine sued Television Cablecasting, Inc. (TCI) for attorney fees arising from his representation of TCI during a divorce between TCI's sole shareholder, Thomas Cassidy, and his wife, Susan Fasse. TCI counterclaimed for legal malpractice and breach of fiduciary duty. The trial court granted TCI's motion for summary judgment on Levine's claim, ruling that he was bound by the final judgment in the divorce case requiring Cassidy, not TCI, to pay his legal fees. The court also denied Levine's motion for summary judgment on TCI's counterclaims. Levine appeals both rulings. We affirm the grant of summary judgment to TCI on the main claim, but reverse the denial of summary judgment to Levine on the counterclaims.

In December 1993, Fasse sued Cassidy for divorce in the Cobb County Superior Court. She also sought the title to a farm in Illinois that she had inherited in 1982 but later transferred to TCI,[1] which

---

[16] See Ga. Const. of 1983, Art. I, Sec. I, Par. XXIII.

[17] See *Curtis v. Curtis,* 255 Ga. 288, 289 (336 SE2d 770) (1985).

[1] Fasse initially assigned her interest in the farm to a trust naming Chicago Title & Trust Company as the trustee, and she later transferred the beneficial interest in the trust to TCI.

was then wholly owned by Cassidy. Cassidy asked Levine, his long-time attorney and friend, to represent TCI in the divorce proceeding. In April 1995, the court dismissed TCI from the case. Cassidy then asked Levine to represent him personally in the divorce.

On May 19, 1995, a jury awarded Fasse all the stock of TCI, including the farm, as alimony and an equitable division of marital property. The verdict emphasized that Fasse was to receive the farm "free and clear of any liens and indebtedness." The verdict also provided that Cassidy would pay any fees due to Levine. The court later entered a final judgment and decree that stated:

> [Fasse] is awarded . . . 100% of the stock in [TCI], which shall include the Illinois farm . . . , which shall be transferred immediately. Said transfer shall be from [Cassidy] to [Fasse] free and clear of any and all right, title, or interest of [Cassidy] and free and clear of all liens, and any indebtedness whatsoever. . . . [Cassidy] shall immediately satisfy and assume any and all liens, encumbrances, attorney's fees and moneys owed to attorney David Levine. . . .

Ten days before the jury award, Levine had filed a lien against the Illinois farm for TCI's attorney fees, even though there was a standing order in the divorce case prohibiting the parties from encumbering any property they owned. After the jury award, Levine billed TCI for $42,765.35 for his legal services. At some point after Levine sent that bill, he and Cassidy drafted a backdated engagement letter purporting to obligate TCI to pay Levine's attorney fees. Levine has not attempted to collect any fee from Cassidy for his work in the divorce case.

In December 1995, TCI, under Fasse's ownership, transferred its interest in the farm to Suncoast Investments, Inc., a company wholly owned by her new husband, Michael Montgomery. Suncoast Investments later sued Levine in Illinois, seeking removal of the lien he had placed on the farm, as well as damages for slander of title to the farm.[2] A jury eventually awarded damages against Levine in the amount of $33,929.60, and the Illinois Court of Appeals affirmed the award.[3]

In April 1996, Levine sued TCI for breach of contract for failing to pay his legal fees in the divorce case. He later added a claim for fraudulent conveyance based on TCI's assignment of its interest in the farm to Suncoast Investments. Levine also sought to add Fasse,

---

[2] Chicago Title & Trust Company also was a plaintiff in that action. See *Chicago Title & Trust Co. v. Levine*, 333 Ill. App.3d 420 (789 NE2d 769) (2002).

[3] Id.

Montgomery, and Suncoast Investments as additional defendants on the fraudulent conveyance claim. TCI counterclaimed for legal malpractice and breach of fiduciary duty, alleging that Levine had operated under a conflict of interest while representing it.[4]

Levine moved for summary judgment on TCI's counterclaims, and TCI sought summary judgment on Levine's claims. The trial court denied Levine's motion for summary judgment but granted TCI's motion. The court concluded that Levine was bound by the divorce decree, which provided that Cassidy was liable for his attorney fees. In addition, the trial court denied Levine's motion to join Fasse, Montgomery, and Suncoast Investments as parties.

1. Levine argues that the Cobb County Superior Court's final judgment and decree does not bind him because he was not a party to the action. We agree.[5]

Nevertheless, TCI is not responsible for Levine's legal fees. Although Levine maintains that he represented TCI in the divorce action, the record shows that Levine's true client was Cassidy, who hired him to prevent Fasse from getting TCI's main asset — the farm.

Cassidy testified that, while he was married to Fasse, she offered to give him her farm to pay a debt she owed him.[6] They agreed, however, that the farm should be transferred to Cassidy's company, TCI, rather than to Cassidy personally because he was "up to [his] neck with the I.R.S." When Fasse filed for divorce, seeking to recover the farm, Cassidy — who is a lawyer — represented himself, but he asked Levine to represent TCI because he (Cassidy) is not licensed to practice in Georgia. Before TCI was dismissed from the proceedings, Cassidy gave Levine one payment for legal services — a $1,250 check drawn not on a TCI account, but on Cassidy's attorney trust account. TCI was dismissed from the case only after Levine represented that it was an unnecessary party because Cassidy was its sole shareholder and the jury could award Fasse the farm by giving her the stock of TCI. And after TCI's dismissal, Levine continued to represent Cassidy personally. The letter of engagement purporting to obligate TCI for Levine's legal services was not created until *after* the jury had awarded TCI's stock to Fasse, at which point Cassidy lacked authority to bind the corporation.

Thus, the relevant undisputed facts show that Levine worked to preserve the farm not for TCI, but for Cassidy. Because Levine was

---

[4] TCI also alleged slander of title on the farm, but later dropped that counterclaim.

[5] See *McDonald v. McDonald*, 232 Ga. 190 (205 SE2d 850) (1974); *C & S Nat. Bank v. Parker*, 145 Ga. App. 802 (245 SE2d 48) (1978).

[6] Fasse claimed that she transferred the farm at Cassidy's behest and received no consideration.

hired by Cassidy to act in Cassidy's interest, he must look to Cassidy for payment of his legal fees. Accordingly, the trial court properly granted summary judgment to TCI on Levine's breach of contract claim.[7]

It follows that the trial court also properly granted summary judgment to TCI on Levine's fraudulent conveyance claim. Any transfer of the farm by TCI could not have constituted a fraud on Levine because TCI is not liable for Levine's attorney fees. Finally, because Levine has no valid fraudulent conveyance claim, the trial court properly denied his motion to add Fasse, Montgomery, and Suncoast Investments as defendants on that claim.

2. Levine challenges the trial court's denial of his motion for summary judgment on TCI's counterclaims for legal malpractice and breach of fiduciary duty. In the counterclaim, TCI alleged that its damages were "expos[ure] to a claim for legal fees" by Levine. Because we ruled in Division 1 that TCI is not liable for Levine's legal fees, TCI has no such damages. Accordingly, Levine is entitled to summary judgment on TCI's counterclaims for legal malpractice and breach of fiduciary duty. We reverse the trial court's ruling to the contrary.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MAY 5, 2003.

*Gorby, Reeves, Peters & Burns, Michael J. Gorby, Hurt, Levine & Papadakis, David N. Levine*, for appellant.

*Jones, Jensen & Harris, Taylor W. Jones, Richard E. Harris*, for appellee.

---

[7] See *Abellera v. Williamson*, 274 Ga. 324, 326 (2) (553 SE2d 806) (2001) (Court of Appeals must affirm grant of summary judgment if it is right for any reason).