2009.  JALONICK v. GREENE COUNTY OIL CO.

No insurance company, domestic or foreign, and no individuals or association of individuals can legally transact any business of insurance of any kind or description in this State without first procuring from the insurance commissioner the license required to carry on such business in this State; and no contract of insurance on property situated in this State, no matter whether the contract of insurance is made in this State or elsewhere, is enforceable in this State, unless the insurer, when the policy was written, was duly licensed to do business in this. State. Premiums alleged to be due on such unauthorized policy contracts are not collectible in the courts of this State.

Complaint—appeal; from Greene superior court—Judge Meadow.  June 17, 1909.

Submitted October 26, 1909.—Decided January 21, 1910.

*Park & Park,* for plaintiff.  *S. H. Sibley,* for defendant.

HILL, C. J.  Jalonick, manager, doing business under the name of the Cotton Seed Oil Millers Insurance Bureau, brought suit against the "Greene County Oil Company" for $250, claimed as a premium for a policy of fire-insurance for $11,000, written by the Cotton Seed Oil Millers Insurance Bureau and covering the property of the defendant.  The defense relied upon was that the

plaintiff was not authorized to transact any insurance business in this State, as neither the plaintiff nor the Cotton Seed Oil Millers Insurance Bureau had procured from the insurance commission of this State a license, as required by law, to transact such business, and therefore the policy issued to the defendant was worthless. At the conclusion of the evidence the court directed a verdict for the defendant, and the plaintiff excepted. The undisputed evidence shows that the plaintiff was the manager of the Cotton Seed Oil Millers Insurance Bureau; that the bureau was not incorporated, and was located in the State of Texas, and was denominated by its manager as "a mutual insurance company composed entirely of cottonseed-oil mills; and its aim was to furnish its members with insurance at absolute cost." The defendant, by a written contract, became a member of the bureau, and the policy of insurance was issued, covering its property located in Greene county, Georgia, and the defendant made a written agreement to pay the $250 as premium. The policy was written in the State of Texas, and sent through the mail to the defendant in Georgia. Neither Jalonick as manager nor the Cotton Seed Oil Millers Insurance Bureau had any license from the insurance commissioner of Georgia to transact insurance of any character in the State of Georgia.

The act of 1887 (Acts of 1887, p. 114) embodied in §2032 of the Civil Code of 1895, is as follows: "It shall not be lawful for any insurance company chartered by this State, or other States or foreign government, to transact *any business of insurance in this State* without first procuring a license from the insurance commissioner." The Supreme Court, in *Fort* v. *State*, 92 *Ga.* 8 (18 S. E. 14, 23 L. R. A. 86), having held that this law only included chartered insurance companies, the legislature in 1893 passed an act which provided that "All laws regulating the business of insurance in this State by companies are applicable to individuals, associations, and corporations in like business" (Acts 1893, p. 81; Civil Code of 1895, §2071). It is insisted that the insurance policy in question was a Texas contract, and therefore it was not necessary to procure a license in Georgia; and it is also claimed that the plaintiff acted as a broker for the members of the insurance bureau, and that under §2072 of the Civil Code the insurer was not required to have a license. Neither one of these positions is sound or tenable under the statutes of this State. Sections 2054 and

2055 of the Civil Code make it a penal offense for any person to solicit insurance in this State in behalf of any insurance company, in this State or elsewhere, unless such company has received a certificate of authority from the insurance commissioner of the State, and section 2072, supra, prohibits any person owning property in this State from procuring a policy of insurance from any insurance broker, unless such broker has been "duly licensed." We hold that under the law of this State no insurance company, domestic or foreign, chartered or unchartered, and no individual or association of individuals, can legally transact any insurance business of any kind or character within the State, without first having procured the license required to carry on such business from the insurance commissioner of this State. The policy of our law is to protect our citizens from irresponsible companies and associations of individuals, "against insurance which does not insure," and to that end it prescribes certain prerequisites to the doing of any insurance business in this State. Plaintiff has not complied with any of these prerequisites, and immunity is claimed because the contract of insurance was made in Texas. It can not be supposed that the purpose of the law was to prevent the act of making the contract in this State. The object is to protect the people of this State against irresponsible companies or individuals, and to prevent all unauthorized companies or individuals from writing insurance on property in this State, or from transacting any sort of insurance business in this State. No court of this State will lend its aid to coerce payment of a premium alleged to be due on a policy issued admittedly without a compliance with our law regulating insurance business. *Murray* v. *Williams*, 121 *Ga.* 63 (48 S. E. 686) ; Cowan *v.* London Assurance Corp., 73 Miss. 321 (19 So. 298, 55 Am. St. R. 535). The evidence demanded the verdict for the defendant as directed.      *Judgment affirmed.*