4212.   FORD & PRUETT *v.* THOMASON.

1. One who opens up or carries on the business of selling real estate on commissions, without having registered with the ordinary and paid the tax to the tax-collector as required by the Civil Code (1910), § 978, can not recover commissions accruing from the sale of such property.

2. A person whose principal business is that of insurance agent is also

engaged in carrying on the business of selling real estate, if he. enters into a contract for the sale of such property on commission, and renders such service under the contract as would entitle him to his commission if he had complied with the law in reference to registering and paying the tax.

DECIDED JULY 23, 1912.

Appeal; from Gwinnett superior court—Judge R. T. Daniel presiding. April 30, 1912.

*O. A. Nix,* for plaintiffs.   *I. L. Oakes,* for defendant.

POTTLE, J.   1. The action was brought to recover commissions alleged to be due upon a sale of real estate. The contract providing for the commissions is in writing, and is of doubtful construction. It appears that the plaintiffs were authorized by the defendant to sell the real estate during a period named in the contract, and that during this period the defendant himself disposed of the property. Under the provisions of the Civil Code (1910), § 3587, he had a right to do this, unless the contract otherwise provided.   It is contended in behalf of the plaintiffs that under the terms of the contract they are entitled to commissions even though the defendant himself sold the property, while counsel for the defendant contend that this is not a proper construction of the contract; but under the view we take of the case, it is unnecessary to decide this question.   It is admitted by the plaintiffs that they had not registered and paid the tax required of real-estate agents by the Civil Code (1910), §§ 971, 978.   Section 971 imposes a tax of $10 upon every person or firm "engaged in the business of buying or selling real estate on commission."   Section 978 provides that "before any person shall be authorized to open up or carry on said business," he shall register with the ordinary and pay the tax to the tax-collector. The section further provides that any person who carries on the business before registering with the ordinary and before paying the special tax shall be guilty of a misdemeanor.   Counsel for defendant raises the point that the plaintiffs are not entitled to recover their commissions, because they were acting in violation of the law in having engaged in the business of selling real estate on commission, without having registered and paid the tax as required by law. This point, we think, is well taken. The statute makes it a misdemeanor for one to engage in this business without having complied with the terms of the statute and paid the tax, but the law imposes an additional penalty, to wit, forfeiture of the

fruits of his labor. One can not defraud the State of its rightful due and then recover by law the profit accruing from a transaction in which he had no right to engage. The question is settled by the decisions of the Supreme Court in the case of *Murray* v. *Williams,* 121 *Ga.* 63 (48 S. E. 686), and of this court in *Jalonick* v. *Greene County Oil Co.,* 7 *Ga. App.* 309 (66 S. E. 815).

2. It appears, from the evidence, that the principal business of the plaintiffs was that of insurance agents, and that during the year in which this transaction took place they made only one contract for the sale of real estate on commission, and it is insisted in their behalf that this was not carrying on the business of real estate agents within the meaning of the statute. We can not agree with this conclusion. If the contention be sound it would be a very difficult matter to determine when a person was engaged in the business of selling real estate on commissions, and it would be left to a jury in each instance to say whether or not that business or some other was his principal business. The statute can not be given any such intendment. It plainly means that before any person shall begin to transact the business referred to in the statute, and before he makes any contract for the selling or buying of real estate on commission, and, in the language of the statute, "before he opens up such business," he shall register with the ordinary and pay the tax to the tax-collector. The plaintiffs were clearly engaged in the business of selling real estate on commission, within the purview of the statute, and, not having registered or paid the tax, are not entitled to recover their commission. The court properly directed a verdict in favor of the defendant.

*Judgment affirmed.*