## 5604.  ROBERTS *v.* MARTIN.

1. A real-estate agent employed to purchase land is as much entitled to be compensated, in accordance with his contract, as one employed to sell land in behalf of the owner; and the case is not altered by the stipulation that a portion of the purchase-price of the property which the principal desires to purchase shall be taken in land owned by the prospective purchaser. In such an instance the acceptance of the intending buyer's land as a part of the price which he is to pay is not, strictly speaking, a sale of his land, but a mere incident in the purchase of the realty he desires to obtain.

2. Under the ruling in *Toole* v. *Wiregrass Development Co.*, 142 *Ga.* 57 (82 S. E. 514), there is no merit in the exception to that portion of the court's charge which related to the obligation of the plaintiff under the provisions of section 978 of the Civil Code. The court's instruction upon this point placed upon the *plaintiff* a burden which he was not required to carry; and the error was plainly harmless to the defendant and affords him no ground of complaint. It was admitted by the plaintiff that he had not paid the license tax or registered as a real-estate dealer in Berrien county. The court charged the jury that if the contract between the parties had reference to lands in Berrien county, the plaintiff could not recover, whereas, under the ruling of the Supreme Court in the *Toole* case, supra, the plaintiff was entitled to recover if he established his contract, even if he had not registered or paid the special tax in any county.

3. The only issue was one of fact,—whether the plaintiff was employed to sell land in Berrien county, or to buy, for the defendant, a house and lot in the city of Valdosta. The evidence authorized the verdict; and the excerpts from the charge of the court, to which exceptions are taken, aside from the particular point referred to in the second head-note, are adjusted to the evidence and the issue. There was no error in refusing a new trial.

DECIDED SEPTEMBER 19, 1914.

Complaint—appeal; from Lowndes superior court — Judge Thomas. March 7, 1914.

*Patterson & Copeland,* for plaintiff in error.

*Whitaker & Dukes,* contra.

RUSSELL, C. J. Martin, a real-estate dealer, sued Roberts in a justice's court for a commission of $100 on a "land deal." In that court judgment was rendered for the plaintiff. The defendant's appeal to the superior court resulted likewise in a verdict in favor of the plaintiff for the $100 commission, with interest. The defendant excepts to the judgment overruling his motion for a new trial, based upon the usual general grounds and also upon certain exceptions to the charge of the court. The judge does not approve the first special exception, and states that the contentions set forth in this ground of the motion for a new trial were mere oral contentions of the counsel in the argument at the trial; and the only plea of the defendant that we find in the record is a mere general denial of indebtedness.

A review of the evidence shows that while the defendant in his testimony strenuously denied ever having made any contract with the plaintiff, other than the agreement to pay him $100 for the sale, at a stipulated price, of certain property which the defendant

owned in Adel, there is testimony in behalf of the plaintiff which fully supports the verdict. The court's instructions against which complaints are urged are merely those portions of the charge which are adjusted to the testimony in behalf of the plaintiff, if the jury should prefer to believe it rather than the testimony in behalf of the defendant. The court instructed the jury that if the contract between the parties had reference to land in Berrien county, and not to the purchase by the plaintiff of land in Lowndes county, the plaintiff could not recover. If the jury had preferred the testimony in behalf of the defendant, they could not have found for the plaintiff under these instructions. The plaintiff, however, contended that the sale of the defendant's land in Berrien county was merely incidental to the purchase of a house and lot in Valdosta, which the defendant was extremely anxious to buy. The plaintiff insisted that he brought the parties together; and there are circumstances in proof corroborative of this contention. According to the plaintiff's testimony the defendant was very anxious to buy Long's house and lot in Valdosta, and offered, if the plaintiff would take the matter up and work up a trade, in which his Adel property would be taken as part payment, he would give $2,000 and the Adel land for the house and lot belonging to Long; the defendant at the same time stating that he considered the Long property in Valdosta worth $4,000. The plaintiff took the matter up with Long's agent, and he was informed by the latter that he did not think that Long would take the Adel property and $2,000, because he wanted $4,000 in money for his place. The plaintiff communicated this fact to the defendant, who then directed him to again see what could be done; stating that if he could work his Adel property in, he would give more than $2,000 difference. The real-estate agent again saw Long's agent, but (the defendant not being content to await the answer of the owner of the Valdosta property to his agent) the plaintiff and the defendant went together to Adel, where the plaintiff introduced the defendant to Long, the owner of the Valdosta property which the defendant wished to buy. The meeting between Long and the defendant culminated in the purchase of the Valdosta property by the defendant, the trade, according to some of the testimony, taking place in the plaintiff's presence; and the plaintiff drew the contract between the parties, providing for a definite date for the final payment in

money of the amount which constituted the difference between the Valdosta property and what Long was willing to give the defendant for the Adel property. The defendant finally gave $2,500 and the Adel property, instead of $2,000 as he first proposed to the plaintiff. According to the plaintiff's testimony, after the defendant saw that he could not get the Valdosta property for his Adel property and $2,000, he contracted to pay $100 to the plaintiff, if the plaintiff would take the matter up so that he could buy the Valdosta property and use his Adel property as part payment. The plaintiff brought the desiring purchaser into communication with the owner of the property, and aided in the consummation of a contract of purchase which was acceptable to and accepted by the defendant, and completed the contract as testified to by him, because he aided the defendant in using the Adel property as part of the purchase-price of the property he wished to buy. It is true that, as a net result of the transaction, the defendant only got $1,500 for the Adel property, instead of $2,000 as he at first wished to do, but, according to the plaintiff's testimony, no fixed valuation was placed upon the Adel property in the second agreement between the defendant and himself, and the defendant had more than once told him that he would give more than $2,000 difference; which was equivalent to saying that he would take less than $2,000 for his Adel property, though he did not say precisely how much less.

Under the testimony the court did not err in charging the jury that if they believed that the plaintiff was to negotiate and procure for the defendant a purchaser of certain real estate belonging to Long, and if they believed that in pursuance of that agreement the plaintiff did enter into negotiations for such real estate belonging to Long, and in the county of Lowndes, and carried out this contract with the defendant, and further believed that the defendant agreed to pay him $100, then the plaintiff would be entitled to recover. Nor did the court err in charging the jury that if they believed that the plaintiff entered into negotiations with the purpose of carrying out the contract with the defendant (if there was such a contract), and that, incident thereto, the plaintiff rendered services with respect to the purchase of the land from Long, on behalf of the defendant, which amounted to the procuring cause and culminated in the purchase by the defendant from Long, in

the contemplation of the parties (if such was in contemplation of the parties), then the plaintiff would be entitled to recover, if he carried out his contract, notwithstanding the defendant himself finally concluded the purchase.

The only other question raised is also controlled by the jury's decision upon the testimony, as to whether the contract under which the plaintiff was employed contemplated a sale of the property at Adel, in Berrien county, or the purchase by Roberts of Long's property in Valdosta. According to the plaintiff's testimony, the sale of the property in Adel was a mere incident in accomplishing the object sought by the defendant, to wit, the purchase of the Valdosta property, with the Adel property to be accepted by the seller as part of the purchase-price.

The rulings stated in the headnotes do not require elaboration further than to say that the trial judge, following the ruling of this court in *Ford* v. *Thomason,* 11 *Ga. App.* 359 (75 S. E. 269), *Horsley* v. *Woodley,* 12 *Ga. App.* 456 (78 S. E. 260), and similar cases, instructed the jury substantially to the effect that the plaintiff could not recover commissions upon any land deal he might have made, in pursuance of a previous contract with the defendant, unless it appeared that he had registered and paid the special license tax according to the provisions of section 978 of the Civil Code; and error is assigned upon the instruction on this subject, though the only complaint is to the effect that the instruction was not adjusted to the evidence; it was not insisted that the instruction was not abstractly correct as a matter of law. Of course, since the ruling in *Toole* v. *Wiregrass Development Co.,* supra, the right of the real-estate dealer to collect his commissions can not be defeated upon the ground that he has failed to register or pay the special tax imposed by law; and, therefore, the instruction upon this subject was immaterial, and, for the reasons stated in the headnote, harmless.

There was no error in refusing a new trial.

*Judgment affirmed. Roan, J., absent.*