### 8365.   JACKSON *v.* MENTER COMPANY.

LUKE, J. The judge of the superior court should have sustained the certiorari, because (*a*) the general demurrer to the cause of action should have been sustained; (*b*) the evidence demanded a verdict in favor of the defendant in the trial court.  *Mayer* v. *Southern Express Co.*, 17 *Ga. App.* 744 (88 S. E. 403).

> *Judgment reversed.  Wade, C. J., and George, J., concur.*
> DECIDED JULY 26, 1917.

Certiorari; from Fulton superior court—Judge Pendleton.  December 6, 1916.

The action was by the Menter Company against R. R. Jackson Jr., in the municipal court of Atlanta.  In what is referred to "as a copy of the cause of action attached to the process" the name and address of the plaintiff and the words, "Clothing for men, women, and children," are followed by these items:

| 6/10/16 L suit $18.00 | 6/10/16 | Cash | $1.00 |
|---|---|---|---|
| | " | " | 2.00 |
| | 6/17/16 | " | 1.00 |
| | 6/27/16 | " | 1.00 |
| | | Bal. | $13.00 |
| | | | $18.00 |

The items are followed by the name of the defendant.

The grounds of the demurrer were: "The alleged cause of action attached to the process  .  .  sets forth no cause of action against the defendant, and does not show for what the defendant is

being sued, and does not show that defendant is indebted to plaintiff; the same does not show whether the alleged cause of action is on contract, assumpsit, or what plaintiff is proceeding on or for." The defendant, in his answer, denied indebtedness, and alleged that he had never had any dealings with the plaintiff and that no other person had authority to represent him in any dealings with the plaintiff. The evidence for the plaintiff consisted of the testimony of one witness and a written contract. The testimony of this witness is stated as follows: "that he was employed by the plaintiff as its manager; that at the time this sale was made he did not know the defendant, except by reputation, and neither did he know defendant's wife; that Mrs. Jackson, wife of the defendant, came into the store and picked out the goods in question, and asked about having them charged, and witness, knowing that defendant was responsible, told her he could only charge them to her husband, at the same time having her execute one of their usual contracts in her husband's name; that three payments were made on the account, and thereafter defendant refused to pay, stating that his wife had left him." The written contract referred to was signed, "R. R. Jackson, by Mrs. Helen Jackson," and was an agreement to pay $18 in weekly installments for a "suit." On it were credits amounting to $4. The defendant testified as follows: "I do not owe the bill sued on, nor any part of the same. I know nothing about anything being sold, if it was sold. I never promised to pay the bill. I did not authorize anything to be bought. I did not authorize the signing of my name to this contract. I have never ratified the signing of the same. I do not ratify it now. Mrs. Helen Jackson is not my wife. I do not live with her, and was not living with her when the goods were bought, if any was bought, or when the contract was made." There was no further evidence. The court rendered a judgment against the defendant for $13. In his petition for certiorari it was alleged that this judgment was contrary to law and the evidence, and that the court erred in overruling the demurrer.

*Gober & Jackson,* for plaintiff in error.