## 31807. HENDRIX *v.* CROSBY.

Decided November 26, 1947.

*Wylly & Javetz,* for plaintiff in error.

*David S. Bracker, Emanuel Lewis,* contra.

SUTTON, C. J. (After stating the foregoing facts.) ▮ In count 1 of the petition, the plaintiff set out that he was employed to purchase certain described property for the defendant and that he entered upon his employment and contacted the owner of the property and discussed the sale with the owner's agent, but that the defendant, in an effort to defeat paying the plaintiff the commission agreed upon, went directly to the owner's agent and purchased the property for a slightly higher amount than he had authorized the plaintiff to pay for the property. The petition further alleged that the plaintiff's efforts and negotiations were the procuring cause of the sale and that they culminated in the plaintiff's purchase of the property. "A real-estate agent employed to purchase land is as much entitled to be compensated, in accordance with his contract, as one employed to sell land in behalf of the owner." *Roberts* v. *Martin,* 15 *Ga. App.* 205 (82 S. E. 813). It was held in *Edwards* v. *Andrews Bros.,* 24 *Ga. App.* 645 (101 S. E. 775): "In order for a broker to earn a commission on account of the sale of property, he must either have sold it or been the procuring cause of the sale. The owner may sell the property, and if he does not use the broker's labor to help in the sale, he owes the broker nothing, but if a purchaser procured by the broker buys from the owner, even at a less price

than that given the broker, the owner would be liable for the broker's commission if the broker's effort was the procuring cause of the sale." Also, see *Vaughn* v. *Clements,* 65 *Ga. App.* 823 (16 S. E. 2d, 607); *Doonan* v. *Ives,* 73 *Ga.* 295; *Case Threshing Machine Co.* v. *Binns,* 23 *Ga. App.* 46 (97 S. E. 443); *Brown* v. *Stokes,* 25 *Ga. App.* 254 (103 S. E. 423); *Wilcox* v. *Wilcox,* 31 *Ga. App.* 486 (119 S. E. 445). Under the allegations of the petition, the defendant used the plaintiff's labor in getting the price of the property reduced from $12,500 to $8750 and used the information furnished by the plaintiff in contacting the seller's agent, and the plaintiff's effort was the procuring cause of the sale and culminated in the defendant purchasing the property. In these circumstances, he could not defeat the broker's right to his commission by purchasing the property directly through the seller's agent, even though he paid a slightly higher price for it than he had authorized the broker to pay, but the broker would be entitled to his commissions for purchasing the property. The petition stated a cause of action in count 1, and the court properly overruled the general demurrer thereto.

■ In paragraph 10 of count 1 of the petition, the plaintiff alleged, in part, that he "would have completed the sale for the price of $8500, but for the actions of the defendant in dealing directly with the agent for the seller and completing the transaction for $8750." The defendant demurred specially to this allegation upon the ground that it is "a mere conclusion of the pleader and is in no way supported by any allegations of the petition." The court did not err in overruling the special demurrer, under the allegations of the petition that the plaintiff told the defendant he would continue to work on the purchase for him and "that the sale would be completed for the price of $8500." Whether or not the seller would have conveyed the property for this sum or would have insisted upon receiving a larger sum is an issue of fact for the jury, under the allegations of the petition. The case cited and relied upon by the plaintiff in error, *Craigmiles* v. *Steyerman,* 27 *Ga. App.* 14 (107 S. E. 386), is distinguishable on its facts from the present case and the ruling therein made does not authorize or require a different ruling in this case from the one made herein. In that case, the petition showed that the property was also listed for sale with another broker, who sold

it and who received the same amount of money for his commission that the plaintiffs would have received for theirs if they had sold it, while in the present case it was alleged that the plaintiff handled all the negotiations leading up to the defendant's purchase of the property and that he was still endeavoring to purchase the property for the defendant at the time the defendant went directly to the seller's agent and purchased the property in an effort to defeat the plaintiff's right to commissions for said purchase.

The plaintiff seeks to recover in count 2 of the petition upon a quantum meruit for the reasonable value of his services, which he alleged to be $562.50. "Ordinarily, when one renders services or transfers property valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof." Code, § 3-107. It was held in *Kraft* v. *Rowland,* 33 *Ga. App.* 806 (2) (128 S. E. 812): "A suit to recover for services, rendered as under a contract of employment in which the amount to be paid was stipulated, may be amended by the addition of a new count predicated upon the same transaction and seeking a recovery of the value of the services as under a contract of employment in which the amount to be paid was not stipulated." In the second count of the petition in this case, the plaintiff set out the character and extent of the services performed by him and also what were the reasonable or ordinary charges among real-estate brokers for services of like character in the same community and alleged that his services were accepted by the defendant and culminated in the defendant purchasing the property, although for a slightly higher sum than that which the defendant had authorized him to pay for it. Under these allegations, a cause of action was stated, and the judge did not err in overruling the general demurrer to count 2 of the petition.

For the reasons set out in division 2 of this opinion, the court did not err in overruling the special demurrer to the allegations of count 2 of the petition to the effect that the plaintiff would have completed the purchase of the property for the price of $8500 except for the action of the defendant in dealing directly with the seller's agent and purchasing the property for a slightly higher amount.

■ Each count of the petition stated a cause of action and it was not subject to the special demurrers urged against it, and the judge did not err in overruling the demurrers.

*Judgment affirmed. Felton and Parker, JJ., concur.*