## 32826.   PIERCE *v.* DEICH.

Decided May 19, 1950.   Rehearing denied June 7, 1950.

*Samuel M. Eplan, Emanuel Kronstadt,* for plaintiff.

*Myrick & Myrick, Maxwell Rosenthal,* for defendant.

WORRILL, J. (After stating the foregoing facts.)   1.   Count one of the petition is·not subject to the ground of demurrer that the action is upon a written contract to purchase real estate, and that it must fall because the authority of the agent Rosenthal to sign the contract was not in writing.   The action is one in which the plaintiff seeks to recover commissions for services in procuring a purchase of real estate under an oral agreement. It was alleged that the agent Rosenthal, at the request of the defendant Deich, employed the plaintiff to obtain from the owner of described property an agreement to sell the same at a price and on terms which would be satisfactory to the defendant.   It was further alleged that the plaintiff did contact and induce the owner to sell, and that the plaintiff and Rosenthal

talked over long distance phone to the defendant in Savannah, Georgia, and informed him of the owner's willingness to sell the property for $75,000, $20,000 of which was to be paid in cash, and the balance to be represented by the assumption of a loan then on the property and by a second deed to secure debt to the seller. It was alleged that the defendant assented to the price and terms, and that he then directed Rosenthal to sign such a sales contract in his own name as the defendant's agent, promising to send a cashier's check for $5000 as earnest money the following morning. These allegations as to directing Rosenthal to sign a written contract and as to sending a check as earnest money were not, however, necessary to the cause of action whereby a licensed real-estate dealer sues for commissions, and did not, as apparently the trial judge erroneously conceived, establish the action as a suit upon a written contract to purchase real estate. They merely illustrate the assent and the intention of the defendant to go forward with the trade which the efforts of the plaintiff had made available to him, and which, in so far as the petition shows, the seller was then ready to consummate at once. In a case of this kind it is not essential to recovery that there shall have been executed a written contract of sale binding alike on the seller and the purchaser. *Humphries v. Smith*, 5 *Ga. App.* 340 (63 S. E. 248); *Wilmot v. Cosby*, 26 *Ga: App.* 196 (1-a) (105 S. E. 654). The written offer to buy and sell, signed by Rosenthal, was not any agreement to which the plaintiff was to become a party and upon which he might sue in case of a breach. It was not anything required by the seller but was an instrument which was prepared by others and obviously to be presented to the seller for signature. The forwarding of a $5000 check as earnest money is not shown to have been a part of the terms named by the seller, but was volunteered by the defendant, and when not remitted the seller then refused to sign until received. The injection of this element into the case by the defendant and his failure to abide by his voluntary promise can not prejudice the rights of the plaintiff, since he had obtained from the seller terms which did not include this condition and which had been accepted by the defendant. The plaintiff's complaint is only upon an *oral* agreement, and not upon the written contract form signed by Rosenthal.

An agreement, express or implied, for the performance of services of the kind set forth in the petition does not come within the provisions of the statute of frauds (Code, § 20-401 (4)), as constituting a "contract for the sale of lands, or any interest in, or concerning them." *Garrett* v. *Wall*, 29 *Ga. App.* 642 (1) (116 S. E. 331); *Lingo* v. *Blair*, 32 *Ga. App.* 111 (122 S. E. 802). It is provided in the Code, § 4-213, that "The broker's commissions are earned when, during the agency, he finds a purchaser, ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner." This rule has been followed in innumerable decisions of this court and the Supreme Court. It does not mean that a broker is entitled to his commissions only when the transaction has been closed by a conveyance and payment of the purchase price. As stated by Judge Powell, speaking for the court in *Humphries* v. *Smith*, supra: "Ordinarily a sale is an executed contract—a completed transaction binding on seller and buyer alike. In contracts creating the relationship of principal and real-estate broker, however, a different meaning is generally given by construction. The broker 'sells' when he finds a purchaser ready, able, and willing to buy on the terms proposed by the principal. A contract for commissions on sales entitles the broker to the specified compensation whenever, through his influence, such a prospective purchaser has been brought to the principal, though, by reason of some fault or disinclination of the latter, the sale is never completed, or is consummated on terms somewhat different from those originally proposed by the principal." Furthermore, "where property placed in the hands of a broker for sale is subsequently sold by the owner, the broker is entitled to the commission if he was the procuring cause of the sale, although the sale was actually consummated by the owner." *Wilcox* v. *Wilcox*, 31 *Ga. App.* 486 (2) (119 S. E. 445); *Vaughn* v. *Clements*, 65 *Ga. App.* 823, 825 (16 S. E. 2d, 607). Of course, by analogy these principles apply where a broker is engaged to find a seller as well as when employed to find a purchaser. Thus, in *Roberts* v. *Martin*, 15 *Ga. App.* 205 (1) (82 S. E. 813), it was held: "A real-estate agent employed to purchase land is as much entitled to be compensated, in accordance with his contract, as one employed to sell land in behalf of the owner." In *Hendrix*

v. *Crosby,* 76 *Ga. App.* 191, 193 (45 S. E. 2d, 448), it was alleged in count one of the petition that the plaintiff was employed to purchase certain described property for the defendant and that he entered upon his employment and contacted the owner of the property and discussed the sale with the owner's agent, but that the defendant, in an effort to defeat paying the commission agreed upon, went directly to the owner's agent and purchased the property for a slightly higher amount than he had authorized the plaintiff to pay for the property. The petition further alleged that the plaintiff's efforts and negotiations were the procuring cause of the sale and that they culminated in the plaintiff's (defendant's) purchase of the property. After setting out the facts as above stated, as well as certain citations of authorities, this court, speaking through Sutton, C.J., said: "Under the allegations of the petition, the defendant used the plaintiff's labor in getting the price of the property reduced from $12,500 to $8750 and used the information furnished by the plaintiff in contacting the seller's agent, and the plaintiff's effort was the procuring cause of the sale and culminated in the defendant purchasing the property. In these circumstances, he could not defeat the broker's right to his commission by purchasing the property directly through the seller's agent, even though he paid a slightly higher price for it than he had authorized the broker to pay, but the broker would be entitled to his commissions for purchasing the property." See also *Erwin* v. *Wender,* 78 *Ga. App.* 94 (2) (50 S. E. 2d, 244).

In count one the transaction is referred to as a "contract" but it is not alleged what compensation was agreed upon. It is shown, however, that the defendant accepted the services of the plaintiff, assented to the terms of the trade, and that though the property was purchased from the owner through another real estate agent the efforts of the plaintiff were, in substance, the procuring cause of the purchase. It is settled law that "Ordinarily, when one renders services or transfers property valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof; but this presumption does not usually arise in cases between very near relatives." Code, § 3-107. While the petition does not show that any specific compensation was agreed upon under the "contract," it does

show that the plaintiff's efforts were the procuring cause of the purchase of the property in question and that the fruits of his efforts were accepted and availed of by the defendant. It is alleged that the plaintiff is entitled to $2450, which represents the amount of commissions, according to the rules of the Real Estate Board of Atlanta, Georgia, thus stating a basis of recovery on a quantum meruit basis. It is clear, therefore, that count one is not subject to ground one of the. defendant's demurrer.

Another ground of demurrer attacks the allegations of count one of the petition (a) as to the terms of the purchase being at variance with those stated in the exhibit of an instrument signed by Rosenthal, it being contended that such variance is fatal to the plaintiff's cause of action. We have demonstrated, however, that this instrument was not the basis of the plaintiff's cause of action, but, in connection with the allegations of the petition, was merely illustrative of the defendant's acceptance of the plaintiff's services, and that the plaintiff is not chargeable with anything done by Rosenthal, as the defendant's agent, by way of changing the terms of the deferred payments, since the defendant had accepted the terms named by the seller and communicated by telephone as stated in the petition.

The contention (b) in this ground, that the exhibit must govern, and being vague, indefinite and uncertain as to the terms of the sale is unenforceable, is without merit for the reasons hereinbefore stated.

2. The ground of demurrer to count two erroneously assumes that the action is based upon the instrument signed by Rosenthal, rather than upon the services rendered by the plaintiff as a licensed real estate broker under an oral agreement, and for which recovery is sought upon a quantum meruit basis in accordance with commissions fixed by the Real Estate Board of Atlanta, Georgia. The same objections are urged as in the ground of the demurrer to count one of the petition and are likewise without merit, since the action is not based upon the written instrument shown by an exhibit attached to the petition.

Because of the error of the trial court in sustaining the demurrers above mentioned the judgment must be reversed.

*Judgment reversed. Sutton, C.J., and Felton, J., concur.*