## 39153. NORTH FULTON REALTY COMPANY, INC. v. KANE.

DECIDED FEBRUARY 7, 1962.

*Sam G. Dettelbach,* for plaintiff in error.

*Huie, Etheridge & Harland, Jack P. Etheridge, Harry L. Cashin, Jr.,* contra.

FRANKUM, Judge. 1. If there is any evidence to support the decision of the trier of the issues of fact, or, in other words, if the evidence does not demand a finding for the movant, the overruling of the general grounds of a motion for a new trial is not erroneous. *Adler v. Adler,* 207 Ga. 394 (61 SE2d 824). See also *Bibb Cigar &c. Co. v. McSwain,* 95 Ga. App. 659 (98 SE2d 128); *Wallace v. State,* 77 Ga. App. 434 (48 SE2d 696).

In the instant case we observe that the evidence is conspicuous for what it does not show rather than what it reveals, in that the sales agent, an employee of the broker, who negotiated the contract, did not testify. Neither of the defendant's two co-owners testified, nor did their attorney who, as shown from the evidence, dealt extensively with the purchaser and the brokerage firm. The evidence is cloudy, vague, and uncertain as to what transpired between the parties, whereas it is clearly indicated that, if these persons had been produced as witnesses, much that was left cloudy, vague and uncertain could have been made clear. The evidence presents just enough to make a tangled web of uncertainty as to what the real facts and issues were. Consequently, under our system of law and procedure, we place upon the trier of the issues of fact the duty of untangling them, and if there is any evidence to support the decison made, we will affirm it. See *Malleable Iron Range Co. v. Caffey,* 64 Ga. App. 497 (13 SE2d 722).

The evidence shows that the defendant entered into an executory agreement to sell, within a specified time, certain described real property provided he could perform certain specified conditions precedent, namely: "Special Stipulations. . . 2.

Closing shall be on or before One Hundred Twenty (120) days from the date of acceptance of this contract. . . 4. Property shall be zoned M-1 according to present zoning regulations of the City of Atlanta at time of closing. Seller shall be responsible for obtaining such classification. 5. At time of closing, Seller shall enter into agreement to subordinate its first mortgage to a loan deed to be executed in the future by Buyer to obtain funds to erect a building or other structure on a portion of said property, it being the intent of the parties that such subordination shall relate to approximately two (2) acres located at the northwest corner of said property, being approximately 325 feet by 260 feet, and to the 50 foot strip running from Peachtree Road easterly 400.67 feet to the 2 acres previously referred to; and to no other portion of said property. . . 7. Seller shall obtain the release of said property from a loan deed to John F. Moor and W. H. Roane, Executor under the Will of George W. Moor. 8. Seller to obtain from adjacent property owners spillage and slope rights, as required by the City of Atlanta, for the construction of a roadway on the 50 foot strip included in this purchase contract. If Seller shall be unable to comply with Special Stipulations No. 4, No. 7 and No. 8 above prior to time of closing, after having diligently attempted to comply, then Buyer shall have the right to refuse to consummate said contract, but seller shall not be liable in any way to any person, firm or corporation under this contract."

The defendant did not own the property alone, which was known to the broker, but he owned the property jointly with two co-owners, who did not join in the agreement. The plaintiff contends that the proposed sale was not completed because the defendant could not furnish good title, and since the agreement provided that the broker would be entitled to a commission in the event that the defendant could not give a good title to the property, the plaintiff was entitled to recover. We do not reach this point because we are of the opinion that the trial court sitting without intervention of a jury was authorized to find that the plaintiff failed to prove a binding contract to sell the property (regardless of good or bad title of the property in the defendant).

The evidence is undisputed that the defendant made diligent

efforts to perform the conditions precedent, one of which was to get the property zoned as classification "M-1" according to the zoning regulations of the City of Atlanta, which he was unable to accomplish. While the plaintiff insists that the purchaser waived these provisions which were for his benefit, the trier of the issues of fact was authorized to find that the defendant was never notified of such waiver during the time the contract was in force. There is some evidence to show a communication to an attorney, who represented the defendant's co-owners, of the purchaser's intention to waive these conditions, but this knowledge cannot be imputed to the defendant. The defendant testified that this attorney did not represent him, although there was evidence to authorize the court to have found otherwise. He further testified that he was never notified to meet at any place for the purpose of closing the sale. The agreement did not place a duty on any of the parties to set the time and place to consummate the sale.

The terms of the agreement are specific that the conditions precedent were to be performed within a specified time. In order to entitle the plaintiff to prevail, it would have been necessary to show a compliance with the conditions precedent, or in the event the purchaser waived the conditions, made for his benefit (or assuming the condition precedent No. 8 gave the purchaser the right to exercise an election whether or not he would insist upon such conditions), it would have been necessary for him to communicate such decision to the defendant before the expiration of the contract. This is true since it is clear that time was of the essence of the contract, because it provides that the closing "shall be on or before One Hundred Twenty (120) days from the date of acceptance of this contract." See *Traylor &c. Co. v. Brimbery*, 2 Ga. App. 84 (58 SE 371). A mere intention to waive (or election not to insist upon) the conditions precedent made for the purchaser's benefit, uncommunicated to the opposite party, would not invoke the provisions of the agreement to convey and sell the property, because the opposite party would be entitled to know whether he was bound to convey the property. See *Federal Farm Mortg. Corp. v. Dixon*, 185 Ga. 466 (195 SE 414). An analogous situation is where one holds an

option to purchase property the optionee must communicate a notice to the optionor that he is exercising his right to purchase within the time specified in the option. See *Hughes v. Holliday*, 149 Ga. 147 (99 SE 301); *Broadwell v. Smith*, 152 Ga. 161 (108 SE 609). Since the conditions precedent could not be completed, defendant was not required to inquire whether such conditions had been waived.

Accordingly, the court was authorized to find that a necessary prerequisite to bring about the right to insist upon the consummation of the agreement to sell the property described in the contract had not been performed. Consequently, there was no obligation on the defendant to convey the property. *F & C Investment Co. v. Jones*, 210 Ga. 635 (81 SE2d 828); *Wehunt v. Pritchett*, 208 Ga. 441 (67 SE2d 233). The right to have the proposed sale consummated being unenforceable between the defendant (vendor) and the purchaser, it is likewise unenforceable between the broker and the vendor. *Morgan v. Hemphill*, 98 Ga. App. 732 (106 SE2d 865); *Dunford v. Townsend*, 100 Ga. App. 550 (112 SE2d 14). The general grounds of the motion for a new trial are not meritorious.

2. The single special ground of the amended motion for a new trial complains of the admission of certain evidence elicited from the defendant by his attorney. The brief of evidence shows that the plaintiff elicited testimony to the same effect from the same witness as the testimony objected to. Accordingly, this ground fails to show a reversible error. *First Nat. Bank of Cornelia v. Kelly*, 190 Ga. 603 (10 SE2d 66); *Southeastern Greyhound Lines v. Hancock*, 71 Ga. App. 471 (31 SE2d 59).

3. The court did not err in denying the amended motion for a new trial.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*