## 39366. NUSSBAUM v. SHAFFER.

DECIDED FEBRUARY 28, 1962.

*Sam G. Dettelbach,* for plaintiff in error.
*Fine & Rolader, D. W. Rolader,* contra.

EBERHARDT, Judge. This case involves a broker's suit for real estate commission against the owner-seller. The broker procured a signed contract between the owner-seller and a prospective purchaser, but the seller allegedly refused to go through with the sale. The seller's general demurrer was overruled and that ruling is here for review.

The seller's first attack is on that portion of the petition which alleges "That plaintiff herein is a duly liscensed [sic] real-estate broker engaged in the real estate business is [sic] the greater Atlanta area." The seller's contention is that this does not allege a sufficient compliance with *Code Ch.* 84-14, relating to the licensing of real estate brokers. *Code* § 84-1413 prohibits the enforcement of any claim for commission by an unlicensed broker. A number of cases are cited for the proposition that compliance with the licensing provisions must be specifically pled in order for the petition to withstand a general demurrer. *Mayo v. Lynes,* 80 Ga. App. 4 (1) (55 SE2d 174);

*Cline v. Crane,* 90 Ga. App. 192 (1, 2) (82 SE2d 175) and *Hale v. Chatham,* 91 Ga. App. 519 (86 SE2d 536). The original records in these cases reveal that, as to this requirement, in *Mayo* and *Cline* there was no allegation of any sort and in *Hale* the allegation was "that plaintiff is in the business of selling real estate and businesses as a business broker." The case of *Brewer-Head Co. v. Jackson,* 95 Ga. App. 648 (98 SE2d 167) is pointed to as setting the standard of alleging compliance which must be met. There the allegation was that the brokers were "duly licensed as such agents and brokers by the Georgia Real Estate Commission." The allegation here lies between the complete lack of *Mayo, Cline* and *Chatham,* supra, and the "perfection" of *Brewer-Head.*

In at least two cases, an examination of the original record confirms the implication of the opinions that allegations substantially similar to the one under consideration have been approved as against general demurrers. In *Selton v. Dowling,* 79 Ga. App. 690 (54 SE2d 763) the allegation was that plaintiff was a "regular, duly licensed real estate agent and broker." The allegation in *Teague v. Adair Realty &c. Co.,* 92 Ga. App. 463 (88 SE2d 795) was that plaintiff was "duly licensed to act as a real estate broker." Bearing in mind that it is not even necessary that this point have been raised in the trial court (see *Hale v. Chatham,* 91 Ga. App. 519, supra, and cases cited), the allegation here that plaintiff is "a duly licensed real estate broker" imports that he is licensed by the agency or authority which the law provides may grant such licenses. It is thus equivalent to an allegation that he is duly licensed by the Georgia Real Estate Commission. Generally, "duly done" means done according to law. See *Ingram v. Smith,* 62 Ga. App. 335 (1) (7 SE2d 922); *Tyler v. Jones County Bank,* 78 Ga. App. 741 (52 SE2d 547); Black, Law Dictionary, 591. This allegation is sufficient to withstand general demurrer.

■ The sales contract provided for closing within thirty days of the acceptance of the contract. The petition alleges that closing was to be within ten days, but the contract, attached as an exhibit, controls. *Houston v. Pollard,* 217 Ga. 184, 189 (121 SE2d 629). The seller's second line of defense is that

there is no allegation of tender within the contract provisions. The broker alleges that the purchaser is "ready, willing and able" to complete the transaction (see *Code* § 4-213) but that the seller "fails and refuses" to close despite the purchaser's repeated demands to do so. The contract provides, inter alia, relative to the broker's commission, that: "If sale is not consummated because of seller's inability, failure or refusal to convey marketable title, seller shall pay full commission to broker. . ."

As we view it, this clear and unambiguous contract provision made the seller liable for the broker's commission on his "failure and refusal" to convey the property in question. This is exactly what is alleged in the petition. It is to be noted that the sale here is not contingent on the happening of any event, such as the buyer procuring a loan. Lack of such a contingency distinguishes this case from *North Fulton Realty Co. v. Kane*, 105 Ga. App. 274 (124 SE2d 405), and *Teague v. Adair Realty &c. Co.*, 92 Ga. App. 463, supra, and other cases.

For the reasons given, it was not error to overrule the seller's general demurrer.

*Judgment affirmed. Carlisle, P. J., and Russell, J., concur.*