41806, 41807.   WEBSTER CASON & ASSOCIATES, INC. v. LACKIE et al.; and vice versa.

FRANKUM, Judge.   Where, as in this case, in a suit to recover $1,000 earnest money paid to the defendant real estate broker under a written offer to purchase certain described realty, one count of the two-count petition contained allegations appropriate to an action for money had and received, in that it alleged that the plaintiff had paid such sum to the defendant, and that the defendant retained said sum of money, and where the instrument attached as an exhibit showed that it was merely an offer on the part of the plaintiff to purchase the described parcel of real estate, which offer had never been accepted by the owner, it was error for the trial court to grant the defendant's motion for a nonsuit, when, upon the trial of the case, the plaintiff introduced the written instrument offer-

ing to purchase the property and proved the payment there-under of the sum sued for. Since the evidence conclusively showed that no valid contract for the sale of the realty had ever been entered into, the defendant real estate broker was not entitled to retain as commissions the $1,000 earnest money paid by the plaintiffs. For the same reason the defendant was not entitled to recover on its cross action the alleged balance of the commissions it would have earned had the written offer been accepted and become a contract, and the trial court therefore did not err in dismissing the defendant's cross action. *Holland v. Riverside Park Estates,* 214 Ga. 244 (104 SE2d 83).

*Judgment affirmed on the main appeal; reversed on the cross appeal. Felton, C. J., and Pannell, J., concur.*

ARGUED FEBRUARY 7, 1966—DECIDED MAY 25, 1966— REHEARING DENIED JUNE 28 and JULY 14, 1966.

*Barber & Rambo, Olin Rambo,* for appellant.

*Troutman, Sams, Schroder & Lockerman, Harold C. McKenzie, Jr., Gerald P. Thurmond,* for appellees.

ON MOTION FOR REHEARING.

The main appellant, the plaintiff in the cross action in this case, in a motion for rehearing, insists that this court committed error in ruling, as we have, that the plaintiff was entitled to recover the $1,000 earnest money paid, and that the plaintiff in the cross action was not entitled to recover the balance of the commissions which it alleged it would have earned had the sale in question been consummated. Counsel's chief contention is that it is not essential under the statute of frauds in order for a contract for the sale of realty to be enforceable that it should have been signed by both parties. In support of this contention movant cites the cases of *Fraser v. Jarrett,* 153 Ga. 441 (112 SE 487); *Wright v. Brown & Leacy,* 29 Ga. App. 687 (116 SE 341); and *Pierce v. Deich,* 81 Ga. App. 717 (59 SE2d 755). Those cases are clearly distinguishable on their facts from this case. In the *Wright* case it affirmatively appears that there was a contract for the purchase and sale of land entered into between the owner of the property and the purchaser. The *Pierce* case was plainly and simply a suit by a real estate broker to recover commissions

earned by reason of his having been the procuring cause of a sale of realty which had actually been consummated at the time the suit was brought. With respect to the *Fraser* case, it is sufficient to point out that that was a suit by a purchaser to enforce a contract of sale which had been accepted in writing by the defendant-owner, and the defendant there made the contention that there was no binding and enforceable contract because the plaintiff had never signed it. The court, in effect, held that, where the party seeking to enforce the contract had not signed it, this would be immaterial if the party against whom the suit was brought had signed it, since the act of the party in bringing the suit for specific performance was tantamount to an acceptance of the offer made by the other party. See the very clear language to this effect used by the court at page 449 of 153 Ga. That is not the case made here.

The instrument under consideration in this case, which was attached to the original petition of the plaintiff as an exhibit and which was introduced in evidence, appears to be a standard real estate sale contract form. It recites that the purchaser has paid to the agent the sum of $1,000 as earnest money which is to be applied as part payment of the purchase price "at the time the sale is consummated." It contains, among others, the following provisions: "In negotiating this contract Broker has rendered a valuable service, for which reason the Broker negotiating this contract is made a party to this contract to enable Broker to enforce his commission rights hereunder against the parties hereto. . ." It further provides that if the sale is not consummated by reason of the fault of the seller, the seller will pay broker his commissions, and the broker will return purchaser's earnest money, but, if the purchaser shall without reason refuse to consummate the transaction, the broker might apply the earnest money toward the payment of his commissions. The instrument further provides that it constitutes the sole and entire agreement between the parties, and that no modification thereof will be binding unless attached thereto and signed by all the parties. Finally, it contains the following provision: "This instrument shall be regarded as an offer by the Purchaser or Seller who first signs to the other and is open for acceptance by the other until

_____ o'clock ___M, on the _____ Day of _____, 19____; by which time written acceptance of such offer must have been actually received by Broker, who shall promptly notify other party, in writing, of such acceptance." This instrument shows that it was signed by the Lackies and by A. W. Cason, Jr. "(Agents)". In the record sent to this court it does not appear that anyone ever signed the instrument as seller. Under these circumstances, the instrument relied on by the parties to this suit was no more than a mere offer to purchase which had never been accepted by the owner or owners of the property in question. Furthermore, the record before this court is utterly devoid of anything which would in any way even identify the owner or owners of the property, except for one reference to "the McCrary's" contained in a copy of a letter attached to the original petition as Exhibit C. Upon noticing the absence of any evidence that the offer to purchase made by the Lackies had ever been accepted by the owner or owners of the property, and there being no mention of this facet of the case by any of the attorneys in their briefs or arguments before this court, we called upon counsel for both parties to furnish us with a brief as to what should be the effect of this fact on the decision of this court. In the briefs submitted by counsel pursuant to that order no contention was made that the owner or owners had ever accepted the offer of the Lackies to purchase the property, the whole argument of counsel for the appellant being to the effect that the signature of the owner or owners was not essential to make a binding contract. This argument would be apropos if, as was true in the _Fraser_ case, this were a suit by the nonsigning party to enforce specific performance of a contract for the purchase and sale of realty brought against one who had signed the contract.

As we view the rights of the parties in this case, they plainly and simply hinge upon one question and one question only, to wit: Did Webster Cason & Associates, Inc., as agent, negotiate a contract between the proposed purchaser and the owner or owners of realty so as to be entitled to receive commissions, notwithstanding the ultimate failure of one of the parties to the proposed contract to consummate the sale? Certainly, insofar as the cross action is concerned, the burden was on the plaintiff therein, be-

fore it would be entitled to proceed, to allege that it had *negotiated* a contract. It is too well established to admit of argument to the contrary that where a right to recover depends upon a showing that there has been a contract entered into "there must be an agreement of parties. If there is a proposition but it is not accepted, no binding contract results." *Central of Ga. R. Co. v. Gortatowsky,* 123 Ga. 366 (2) (51 SE 469). To the same effect see *Gray v. Lynn,* 139 Ga. 294, 296 (77 SE 156) ; *Whelchel v. Waters,* 152 Ga. 614 (1) (111 SE 25) ; *Federal Farm Mortgage Corp. v. Dixon,* 185 Ga. 466, 468 (1) (195 SE 414) ; *Milner Hotels, Inc. v. Black,* 196 Ga. 686, 691 (27 SE2d 402) ; *Weldon v. Lashley,* 214 Ga. 99, 102 (2) (103 SE2d 385) ; *Kaufman v. Young,* 32 Ga. App. 135 (1a) (122 SE 822). Assuming that this *sine qua non* could have been established by evidence apart from the writing itself, the cross action is utterly devoid of any allegation authorizing proof that the offer to purchase made by the Lackies was ever accepted by the owner or owners of the property, except insofar as this may be inferred from the bare allegation that defendant negotiated the contract, a copy of which is attached to the petition as an exhibit and referred to in the cross action. The defendant thus by express reference adopted the exhibit attached to the plaintiffs' petition as a part of the allegations of its answer and cross action, and this is binding on the defendant as it relates to the proper construction of its answer and cross action. *Dell v. Kugel,* 99 Ga. App. 551, 563 (4) (109 SE2d 532). That exhibit showed that no contract had ever been negotiated by the defendant, since it had not been signed by the owner or owners of the property involved. If the defendant intended to rely on some act on the part of the owner or owners other than signing the written sale contract itself, as constituting an acceptance of the Lackies' offer to purchase, it was essential that it allege in what manner the acceptance was effected in order to withstand the attack of an oral motion to dismiss in the nature of a general demurrer.

Furthermore, nowhere in the cross action is it alleged that the defendant was a duly licensed real estate broker, and it is well established that a petition in the nature of a cross action seeking to recover a real estate broker's commissions which fails to allege

that fact is subject to general demurrer. *Hale v. Chatham,* 91 Ga. App. 519 (86 SE2d 536). For this additional reason the judgment dismissing the cross action was right.

The purchasers, having in their main case made out a prima facie right to recover the $1,000 which they had paid as earnest money by introducing evidence showing that their written proposal had never been accepted, it was essential before the defendant therein could successfully overcome this prima facie case that it introduce evidence to show that, notwithstanding the absence of the signature of anyone as seller on the sale contract, it had in fact negotiated a contract by showing something else amounting to a binding acceptance by the owner or owners of the property of the offer to purchase. So far as appears from the record before this court this was not done.

*Motion for rehearing denied.*