### 44128. HOUSEHOLD FINANCE CORPORATION v. JOHNSON et al.

EBERHARDT, Judge. Household Finance Corporation of Atlanta filed suit against Judy Johnson seeking to recover an outstanding balance due on a promissory note executed pursuant to the provisions of the Georgia Industrial Loan Act (Ga. L. 1955, p. 431; *Code Ann. Ch.* 25-3) granting extra interest and fee benefits. However, plaintiff did not allege or prove at the trial that at the time of making the loan it was a licensee under the Act, and at the conclusion of the evidence defendant moved for a directed verdict on this failure of proof. Household Finance appeals from the granting of this motion, contending that under CPA § 9 (*Code Ann.* § 81A-109), "Pleading special matters," it is not necessary for a party to aver its capacity to sue and be sued, and, hence, that it was not necessary for plaintiff to aver and prove that it was a licensee under the Act but that this was a matter to be challenged by appropriate pleadings of defendant. *Held:*

The question before us on the directed verdict is not whether plaintiff was required under CPA to *plead* licensing under the Industrial Loan Act but whether it was required to *prove* it as a condition precedent to recovery. For, regardless of pleading requirements, "this type of obligation is conditional upon the fact of license at the time it was incurred, and the holder's right to enforce it is conditional upon a showing of that fact, the burden being upon him. *Southland Loan &c. Co. v. Brown,* 53 Ga. App. 786, 787 (187 SE 131)." *Bayne v. Sun Finance Co.,* 114 Ga. App. 27 (4) (150 SE2d 311). The law is clear that there can be no recovery upon an obligation incurred under the Industrial Loan Act without proof that the obligee in the note sued upon was duly licensed at the time the obligation was incurred. *Bayne v.*

*Sun Finance Co.*, 114 Ga. App. 27, supra; *Hardy v. R & S Finance Co.*, 116 Ga. App. 451 (1) (157 SE2d 777).

Judgment affirmed. *Bell, P. J., and Deen, J., concur.*

SUBMITTED JANUARY 8, 1969—DECIDED JANUARY 15, 1969.

*Bullock, Yancey & Mitchell, Harris Bullock,* for appellant.
*William L. Skinner,* for appellees.