## 45176.   BRYAN v. RICH'S, INC. et al.

ARGUED APRIL 6, 1970—DECIDED JUNE 18, 1970.

*Clein, Babush & Karp, Harvey A. Clein, Barry A. Karp,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, J. Arthur Mozley, Eugene Cline, Marion W. Cornett, Jr.,* for appellees.

QUILLIAN, Judge. ■ The appellant contends that the trial judge erred in failing to grant his motion to dismiss at the conclusion of the plaintiff's evidence. He argues that at that time the evidence showed "that the account was opened by Mrs. Bryan; that it was opened in the name of Mrs. Bryan; that all statements have been issued in the name of Mrs. Bryan; that all charges were made by Mrs. Bryan; and that the only relationship to this account that this defendant has is that he paid certain payments on the account." While it is true that the account was in Mrs. Bryan's name, there was no evidence to overcome the presumption that her husband had consented to purchases. *Adler v. Morrison,* 15 Ga. App. 139 (1) (82 SE 783). The overruling of the motion to dismiss was not error.

■ The third enumeration of error insists that the evidence did not support the verdict because it showed that the credit was extended solely to Mrs. Bryan. With this contention we cannot agree. Mrs. Bryan testified that she did not make any agreement with Rich's, Inc., to be personally bound for the account. On cross examination she testified she could not remember whether she

signed the necessary papers or not because that was approximately sixteen years prior to the trial, but she must have because everyone said she did. It was disclosed that the application form for opening the account had been lost.

"The rule is, that, in order to hold the wife individually liable for necessaries purchased by her for the use of herself and family, it must be shown that it was the intention and agreement of the parties to the contract of sale that she was to be so bound. Otherwise it will be presumed that the merchandise was purchased on the credit of the husband, and that he, and not the wife, was to be liable therefor." *Mather-Groover Co. v. Roberts*, 54 Ga. App. 398 (187 SE 913). Thus, there was clearly a question of fact whether the credit was extended solely to Mrs. Bryan. The fact that the account was in her name and that she made all of the charges would not determine the liability of the parties. *Wright v. Universal Garage Co.*, 54 Ga. App. 323 (2) (187 SE 718).

■ Enumeration of error number four complains that it was not established that the items purchased on the account were necessaries. Appellant argues that the amount of the purchases was unreasonable. "Such things are necessaries, in the legal sense, as are usual and proper for the use of a family in the circumstances of the parties." *Sulter v. Mustin*, 50 Ga. 242, 244. In view of the evidence of the standard of living of the parties to the case sub judice, it cannot be said that the finding that the items purchased were necessaries was not authorized. See *Bryan v. J. P. Allen & Co.*, 121 Ga. App. 670.

■ The remaining enumeration of error contends that at the time the purchases were made the Bryans were living apart and that the appellee failed to establish that their separation took place under such circumstances as would render the husband liable. See *Waxelbaum v. C. & S. Nat. Bank*, 120 Ga. App. 312 (2) (170 SE2d 333). The evidence was in conflict as to the cause of the separation. Mrs. Bryan said her husband left because she "fussed at him about his running around with women."

"Whether credit was extended to the husband or to the wife, and whether the parties were living in a state of separation as husband and wife under such circumstances as would make him liable for necessaries furnished her, were questions for the jury."

*Ward v. Johnson,* 23 Ga. App. 479 (4) (98 SE 405). This enumeration of error is without merit.

*Judgment affirmed. Bell, C. J., and Whitman, J., concur*