## 47421. CULVERHOUSE v. ATLANTA ASSOCIATION FOR CONVALESCENT AGED PERSONS, INC.

PANNELL, Judge. In a suit against husband and wife, jointly, plaintiff-appellee secured a default judgment against

the wife for services rendered to her. Thereafter, based on the default judgment, and an admission that the defendant was married to the wife and that the claim was for necessaries, a summary judgment was sought and obtained versus defendant-appellant.

Appellant-defendant alleges the trial court erred in granting appellee-plaintiff's motion for summary judgment when plaintiff failed to plead and prove both that its administrator was licensed and that it had a permit to operate a nursing home at the time the alleged debt was incurred by the defendant. The issues are (1) the extent to which the husband is bound by a default judgment against his wife, and (2) the validity of a summary judgment obtained without alleging and proving that license requirements had been complied with.

1. In our view, no issue exists concerning the right of appellant-defendant to attack the default judgment against the wife because the husband is not bound by such judgment and the issues resolved therein are not res judicata as to him, leaving no requirement for him to attack such judgment.

It is clear that the consent of the husband to the agency of the wife for the purchase of necessaries. is presumed (*Code* § 53-510), and that in general the husband is liable for necessaries furnished the wife when living separate from him (*Code* § 53-508). While the wife acts as agent in this instance and under this authority, any other agency requires proof of authority as in other cases. No evidence was presented to this court that the wife was authorized to act as agent for the husband in defense of the suit as against her. *Jackson v. Menter Co.*, 20 Ga. App. 666 (93 SE 255); *Durden v. Maddox*, 73 Ga. App. 491 (37 SE2d 219); *Thompson v. Brown*, 121 Ga. 814 (49 SE 740). The privity of husband and wife does not establish such latter type of agency.

Likewise, if the wife is acting as agent in contracting for necessaries, she does not bind herself personally. *Mather-Groover Co. v. Roberts*, 54 Ga. App. 398 (187 SE 913).

She binds herself personally when she contracts on her own credit. *Bryan v. Rich's, Inc.,* 122 Ga. App. 70 (176 SE2d 225); *Manley v. Chamberlain-Johnson DuBose Co.,* 41 Ga. App. 31 (151 SE 676). A judgment obtained against her by default will be presumed to be on her individual credit. Under these circumstances, the husband is not bound on the theory of agency but he could be bound jointly with her if the contract were made on the credit of both jointly. Therefore, appellee-plaintiff was not entitled to a summary judgment on this theory in the absence of proof that the husband contracted jointly with the wife. In this situation the judgment against the wife may have merged the whole action, although we do not decide this issue. See *Almand v. Hathcock,* 140 Ga. 26 (78 SE 345).

Plaintiff-appellee contends that the judgment against the wife is res judicata as to all matters against the husband on this cause of action, citing as authority *Hunter v. Embree,* 122 Ga. App. 576 (178 SE2d 221). In the *Hunter* case, this court held that res judicata and estoppel of judgment are available only in a subsequent suit between the same parties or their privies. The instant case is not a subsequent suit, it is a joint suit where the husband and wife are jointly defendants.

2. Georgia law requires a permit to operate a nursing home (Ga. L. 1964, pp. 499, 612; *Code Ann.* § 88-1905), and that a nursing home administrator be licensed (Ga. L. 1968, pp. 1143, 1145; Ga. L. 1970, pp. 573, 575; *Code Ann.* § 84-4903), and makes it a misdemeanor to violate such requirements (Ga. L. 1964, pp. 499, 518; *Code Ann.* § 88-301).

It is uniformly held in this State, and elsewhere, that "where the license required by the statute is not imposed only for revenue purposes, but requires registration or licensing primarily for the purpose of protecting the public from acts mala in se, or detrimental to good morals, or from improper, incompetent, or irresponsible persons, as in the case of unregistered or unlicensed druggists or

physicians, their imposition amounts to a positive prohibition of a contract made without a compliance with and in violation of the statute, and by implication renders such a contract void and unenforceable." *McLamb v. Phillips,* 34 Ga. App. 210 (129 SE 570) and cits.

While the *McLamb* case dealt with a wage broker, in this State the rule also has been applied to industrial loan companies (*Bayne v. Sun Finance Co.,* 114 Ga. App. 27 (2, 3) (150 SE2d 311)); real estate brokers (*Webster Cason & Associates v. Lackie,* 114 Ga. App. 102, 107 (150 SE2d 321)); peddlers (*Singleton v. State,* 14 Ga. App. 527 (81 SE 596)); apothecaries (*Taliaferro v. Moffett,* 54 Ga. 150); and insurance companies (*Jalonick v. Greene County Oil Co.,* 7 Ga. App. 309 (66 SE 815)).

The licensing statute for nursing home administrators limits licenses to persons who: (a) are at least 21 years of age; (b) are of reputable and responsible character; (c) are of sound physical and mental health; (d) meet the standards and the criteria established by the board to evidence the applicant's qualification by training and experience to operate a nursing home; (e) satisfactorily pass a written and/or oral examination designed by the board to determine the qualifications of the applicant to operate a nursing home (Ga. L. 1968, pp. 1143, 1145; Ga. L. 1970, pp. 573, 575; *Code Ann.* § 84-4903). In *McLamb* (p. 214), this court quoted with approval the following language: "Where a statute enacts, for the purpose of securing a more effectual compliance with its requirements in respect to the licensing of certain occupations, that no one shall engage in or carry on any such occupation until he shall have obtained the license as provided by law, it is an express prohibition without more particular words. Paul v. Bishop, 3 Daly (N. Y.) 109." The statute in the cases before us expressly prohibits any person serving as a nursing home administrator until he has first obtained a license from the board. The legislature has authorized the board to fix the annual license fee in an amount not to exceed $100. Ga. L. 1968, pp. 1143,

1145 (*Code Ann.* § 84-4904). Although those fees are required to be transmitted to the State Treasurer (Ga. L. 1969, pp. 744, 746; *Code Ann.* § 84-4905), the legislature has not specified the minimum fee that the board may charge, only the maximum. If it were designed as a revenue measure, the legislature would have specified a set fee. After reviewing all the legislation concerning licensing of nursing home administrators we can reach but one conclusion and that is that the legislation is primarily and almost solely intended to protect the public from improper nursing home administrators. The legislature has also made violation or noncompliance with the licensing ˙ requirements a misdemeanor punishable by law (*Code Ann.* § 88-301). This action only adds to the strength of the licensing requirement. If the Act contained no criminal penal provision, it would not, in the face of its express language and manifest purpose, defeat its inhibitions. A contract by a non-licensed nursing home administrator is void by Act of the legislature for protection of the public. Prior to the Civil Practice Act of 1966, this court held in such cases that a plaintiff must allege and prove the fact of license. *Hale v. Chatham,* 91 Ga. App. 519 (86 SE2d 536); *Nussbaum v. Shaffer,* 105 Ga. App. 430 (124 SE2d 658). With the advent of the Civil Practice Act of 1966 (*Code Ann.* § 81A-108), although the fact of license need not be alleged, it must be shown to entitle the plaintiff to recover. *Byrd v. Ford Motor Co.,* 118 Ga. App. 333 (163 SE2d 327); *Maxwell v. Tucker,* 118 Ga. App. 695, 698 (165 SE2d 459); *Household Finance Corp. v. Johnson,* 119 Ga. App. 49 (165 SE2d 864).

*Judgment reversed. Quillian, J., concurs. Hall, P. J., concurs specially.*

SUBMITTED SEPTEMBER 11, 1972—DECIDED NOVEMBER 16, 1972.

*William J. Brennan, Jr.,* for appellant.
*Smith & Brooks, Theodore E. Smith,* for appellee.

HALL, Presiding Judge, concurring specially. In my opin-

ion the default judgment against the wife is immaterial to the issue here. The admission by the defendant that he was married to the woman and that the claim was for necessaries would normally be sufficient to entitle the plaintiff to a summary judgment on its claim. *Code* § 53-510. However, I concur in the above opinion that the judgment must be reversed because of plaintiff's failure to prove that this contract was made by a licensed nursing home administrator as required by the laws of Georgia.